JOSEPH LAWRENCE *versus* ARTEMAS WRIGHT *et ux.*

The appointment of an administrator relates back to the time of the death of the in-
testate, and vests the personal estate in the administrator from that time ; and an
heir who may have such estate in his possession in the mean time, has no further
power over, or interest in it, than is necessary to enable him to keep it safely and
to deliver it up when called for by the administrator.

Personal estate of an intestate came into the possession of a female heir, who, with-
her husband, resided in the house of the intestate; and such heir afterwards de-
livered the same to another heir, for safe keeping, not having been prohibited from
so doing by her husband; but no letters of administration were taken out on the
estate. It was *held*, that no property in such personal estate had vested in the hus-
band, and that he could not maintain trover therefor against the heir to whom his
wife had delivered the same.

TROVER to recover the value of certain wearing apparel, alleged to have been converted by the female defendant to her own use and that of her husband.

At the trial, in the Court of Common Pleas before *Ward* C. J., it appeared, that in January 1837, Molly Corey died intestate, leaving the wearing apparel in question, which be-longed to her, in her dwellinghouse at Groton; that she had eleven children, among whom were the plaintiff's wife and the female defendant ; and that, at the time of her death, the plain-tiff and his wife lived in the house with her, took care of her, and carried on her farm. The plaintiff then introduced evi-dence, that when the intestate died, the wearing apparel came into the hands and possession of the plaintiff's wife.

It further appeared, that no administrator of the intestate's estate had ever been appointed ; that, shortly after her death, the plaintiff, with his wife and family, removed to another house in the neighbourhood ; that the plaintiff's wife carried the wear-ing apparel with them, and afterwards delivered it to the female defendant and requested her to carry it away, which was done ; and that a few days afterwards the plaintiff requested the fe-male defendant to return it, but she refused so to do.

The defendants thereupon contended, that upon these facts, the female defendant had a legal right to detain the wearing ap-parel against the plaintiff, and that the plaintiff had not such a property therein as would enable him to maintain this action.

The judge instructed the jury, that when the intestate died,

Lawrence
<br>*v.*
<br>Wright.

her personal property did not descend to her heirs, like real estate, so as to give them a legal title to it, but was in abeyance or derelict until an administrator should be appointed ; that any person, into whose possession it might fall, at her death, would have a legal right to hold it against all persons until an administrator should be appointed and should call for it ; that if they should be satisfied, that at the death of the intestate, the wearing apparel came into the possession of the plaintiff's wife, such a property in it vested in the plaintiff, that he could maintain trover against any person, excepting an administrator, who should take it away and detain it without his consent ; that, consequently, the plaintiff's wife would not have a legal right to deliver it to the female defendant, without his consent, and the defendants could not detain it, upon such a delivery, against him, and that in that event they must find a verdict for the plaintiff, for the value of the articles at the time of the conversion.

The jury returned a verdict for the plaintiff for the sum of $ 9·26. The defendants excepted to the instructions of the judge to the jury.

*B. Russell,* for the defendants, cited *Hayward* v. *Hayward,* 20 Pick. 517 ; 1 Chitty on Pl. (2d Amer. ed.) 151.

Oct. 18th.

*Farley,* for the plaintiff.

SHAW C. J. afterward drew up the opinion of the Court. This case comes before the Court by exceptions, from the Court of Common Pleas. We are of opinion, that the instruction of the Court of Common Pleas was right, that neither of these parties had any valuable or beneficial interest in the property in question. The personal property of a deceased person vests in the executor or administrator ; and when an administrator is appointed, the appointment relates back and vests the property in him from the decease of the intestate. Those who have the property in custody in the mean time, have no further power over or interest in it, than is necessary to enable them to keep it safely and have it forthcoming, when called for by the administrator.

But the Court are of opinion, that the direction was not correct, whereby the court instructed the jury that the wife had no authority, without the express consent of her husband. to de-

VOL. XXIII.

liver the property to her sister for safe keeping. It appears that the articles were taken charge of, in the first instance, by the plaintiff's wife, who was a daughter of the deceased, and was, no doubt, a proper person to have the custody of such articles as her deceased mother's wearing apparel, till an administrator should be appointed. So far as this affected her husband, it gave him no beneficial interest; the most it could do, was, to render him liable to the administrator when appointed, to see them forthcoming. If, in the mean time, he or his wife had delivered the articles for safe keeping to another equally suitable person, and who may be presumed to be equally fit, from being equally related to the deceased and alike interested in a just disposition of the property, this would be a good answer to any demand of the administrator, and a discharge from any responsibility. In taking this custody in the first instance, the plaintiff was liable only in as far as his wife acted as his agent; but if she was his agent to take charge of this property, by implication of law, she was equally his agent to change the custody by delivering these articles of dress to her sister if not prohibited by her husband. The Court are therefore of opinion, that the plaintiff has not proved such property in himself and conversion by the defendants, as to enable him to maintain this action.

The remedy of any party under such circumstances is very simple, that of taking out letters of administration; and the law arms the administrator with ample powers to obtain the property, in whose custody soever it may be placed. If the property is not of sufficient value and importance to be the subject of an administration, it may at least be doubtful, whether it is worth litigating about in any other forum.

*Exceptions sustained, and a new trial to be had at the bar of the Court of Common Pleas.*