WM. YOUNG, ADMINISTRATOR OF CHARLES CHEELY, Plaintiff in Error, *v.* DAVID B. WELLS *et al.*, Defendants in Error.

*Administrator—Parties.*—The administrator has the legal right and is the proper person to bring any kind of civil action which may be necessary to collect a debt due the decedent.

*Fraudulent Conveyances—Pleading.*—In an action to charge lands in the hands of a fraudulent grantee, with the payment of a debt due by the equitable owner, it is not necessary that the deeds should be set aside.

*Pleading—multifariousness.*—A petition which prayed judgment to establish a debt against an intestate's estate, and to charge lands for which the intestate had paid the consideration, but for the purpose of defrauding creditors had taken the title in the name of a defendant, who had conveyed with notice to another defendant, held multifarious.

*Practice—Demurrer.*—Judgment upon demurrer sustained for wrong reasons assigned, reversed although petition otherwise defective.

*Error to St. Charles Circuit Court.*

*Lewis & Alexander*, for plaintiff in error.

I. Two questions only were raised by the demurrer, viz: 1st, Was there a defect of parties plaintiff? and 2d, did the petition state facts sufficient to constitue a cause of action? (R. C. 1855, p. 1231, § 6, 10.)

The objection of multifariousness and of misjoinder of defendants were therefore waived by defendants, and cannot now be set up to sustain the action of the Circuit Court. (See 5th & 7th clauses of § 6, above cited ; also § 10.) The defects complained of, if they exist at all, are apparent on the face of the petition, and therefore could not have been reserved for the answer.

II. There is no defect of parties plaintiff, the administrator of Cheely being the only person who could sue upon the demand here asserted.

III. The petition contains facts sufficient to constitute a cause of action.

There is no legal requirement for plaintiff to have his claim allowed in a court of probate before instituting suit in the Circuit Court. (R. C. 1855, p. 153, § 8.)

If, however, it should be deemed proper for this court to

notice any alleged misjoinder of defendants or of causes of action, and such should be found really to exist, it is submitted that a reversal upon the grounds above presented will enable the plaintiff to elect as to which cause of action he will proceed upon, and thus avoid a deprivation of his remedy. (See Doan v. Holly, 25 Mo. 357–360.)

*W. A. Alexander*, for defendants in error.

I. The court did not err in sustaining the demurrer. There is a misjoinder of parties. The petition is multifarious.

Plaintiff asks judgment against the defendants for money paid by him as administrator of Cheely, on a debt of C. H. Wells, and shows no indebtedness from defendants, D. B. Wells and Sarah Patchett, to plaintiff; and also asks that lands conveyed by Jenkins to D. B. Wells and by him to defendant, Patchett, be subjected to the payment of an alleged debt against C. H. Wells' estate.

A suit asking a judgment for debt is of one class of action, and a suit attacking deeds, asking their cancellation and that lands be subjected to the payment of debts, is of another class of action, and they cannot be joined.

There being no indebtedness alleged or shown from defendants, D. B. Wells and Sarah Patchett, they were improperly joined with C. H. Wells' administrator as defendants. (See McLaughlin v. McLaughlin's adm'r, 16 Mo. 243; Doan v. Holly, 25 Mo. 357, & 26 Mo. 186; Stalcup v. Garner, 26 Mo. 72.)

Can an administrator bring and maintain a suit attacking the conveyance of land on the ground of fraud? The administrator of C. H. Wells is not a proper party to a suit asking lands to be made subject to the payment of debts of Wells' estate, when said estate claims no interest in such lands. The proper party defendant is the purchaser and owner of the land.

II. The demurrer was properly sustained because of the misjoinder of parties defendant; because of the improper uniting of different classes as well as causes of action; be-

cause D. B. Wells and Sarah Patchett were not necessary parties to a suit for the debt, and C. H. Wells' administrator was not a necessary party to a suit for lands which do not belong to his estate, and because the petition does not show a cause of action against the defendants.

BATES, Judge, delivered the opinion of the court.

Demurrer to the petition was sustained and judgment entered upon it; to reverse which, the plaintiff brings the cause to this court by writ of error.

The petition alleged that Charles H. Wells, as principal, and Charles Cheely, as security, made a promissory note. That both Wells and Cheely died, and plaintiff is administrator of Cheely's estate; that the note was allowed as a demand against both estates; that a small portion thereof was paid by the estate of Wells, and a larger sum by the plaintiff, as administrator of Cheely's estate, and that the personal property of the estate of Wells is exhausted, "without leaving any assets with which to pay off" the claim of Cheely's estate. The defendants in this suit are Hinman, administrator of Charles H. Wells, David B. Wells and Sarah Patchett. The petition charges that Charles H. Wells, in his lifetime, and after the maturity of the note above mentioned, bought and paid for a tract of land, but, with intent to defraud, hinder and delay his creditors, caused it to be conveyed to his brother the defendant, David B. Wells, who had notice of the fraud, and who afterward conveyed it to the other defendant, Sarah Patchett, who also had notice of the fraud. Plaintiff asks judgment in his favor, as administrator of the estate of Charles Cheely, against the estate of Charles H. Wells, for the amount paid by him upon the said note, and also for the unpaid balance allowed thereon against Cheely's estate; that Hinman disclose the condition of the estate of Charles H. Wells, and that the tract of land be sold to pay off and discharge the plaintiff's claim.

The defendant, Hinman, answered, but afterward all the

defendants joined in a demurrer. The grounds of objection to the petition, specified in the demurrer, were as follows:

1. There is no proper party plaintiff.

2. The plaintiff does not aver that he is a creditor either of Wells' or Cheely's estate.

3. The petition does not ask the court to set aside the deed to Wells from Travis and wife, nor the deed from Wells to Patchett.

4. The plaintiff, as administrator, has no legal right to sue.

5. The plaintiff's petition shows that he was not a creditor of Cheely nor Wells in their lifetime.

6. The plaintiff, as administrator, has no right to attack a conveyance of land for fraud.

7. The petition does not state facts sufficient to constitute a cause of action.

As to the first, fourth and sixth grounds, the plaintiff being the representative of Cheely's estate, has the legal right and is the proper person to bring any kind of civil action which may be necessary to collect a debt due to the estate of Cheely.

As to the second and fifth grounds, I am not sure that I comprehend them. The plaintiff asked judgment as administrator of Cheely, and no objection is made to the petition that in the title of the cause the plaintiff is not described as administrator.

The petition shows an indebtedness by Charles H. Wells' estate to Cheely's estate, and the fact that the indebtedness and right of action did not become complete until after the death of the original parties is of no consequence.

As to the third point, it was not necessary in order to charge the land in the hands of Sarah Patchett with the debt that the deeds from Travis to Wells and from Wells to Patchett, should be set aside.

As to the seventh ground, the petition does state facts sufficient to constitute a cause of action. In fact, it states not only one but three several, separate and distinct causes of action against the three defendants separately.

8—VOL. XXXIII.

The court below erred in sustaining the demurrer for any of the grounds specified in it, and the judgment must therefore be reversed, and the plaintiff can then amend the petition so as to avoid a misjoinder of actions.

Judgment reversed and the cause remanded; the other judges concurring.