RHODES *et al.* v. STOUT, Admr.

1. Administrator: PARTIES. To recover for a cause accruing to the
administrator, the action must be prosecuted in his name, instead of
the heirs of the decedent.

2. —— RULE ILLUSTRATED. In an action against an administrator to
recover the distributive share of a deceased heir, which he has failed
to pay over, the children of such deceased heir are not proper par-
ties, but his administrator is, in whose name the suit must be
prosecuted.

*Appeal from Dubuque District Court.*

WEDNESDAY, JANUARY 27.

THE petition contains a statement of the following facts,
namely: That Mahlon Kingman died May 2, 1856, pos-
sessed of a large estate, upon which administration was
granted, July, 1856, to Susan Kingman, widow of dece-
dent; that the appraisment of said estate returned to the
County Court, exhibits the value of said estate to have
been $13,131, and claims were allowed against the same
by said court to the amount of $1,005, and no part of said
claims has been paid; that James Huff became security
upon the bond of said executrix for the faithful discharge
of her duties as such, and has since deceased, and defend-
ant is his executor; that said Mahlon Kingman deceased,
left surviving him, among other heirs, the mother of

plaintiffs, Sarah A. Rhodes, who died April 30, 1837; that said administratrix of Mahlon Kingman deceased, Susan Kingman, has wholly failed to discharge the duties of administratrix, and has made no payments to the heirs of said decedent, who are infants and sue by their next friend. Plaintiffs claim in this action to recover, upon said bond of said administratrix against defendant, their distributive share of said estate. It is shown in the petition that said Huff died July 21, 1863, in Dubuque; that defendant was duly qualified as executor, October 9, 1863, and that notice of his appointment was published November 9, 1863. The County Court of Dubuque county, by proper order dated November 11, 1866, authorized the prosecution of the suit in the District Court, and the petition was filed on that day.

To this petition defendant demurred, upon the grounds, first, that the petition discloses a cause of action in favor of the administrator of the estate of Sarah A. Rhodes, deceased, and not in favor of plaintiffs, her heirs; second, that a recovery is barred by reason of the fact that more than eighteen months had expired after the giving of the notice of the appointment of defendant as executor, and before the commencement of this suit. The demurrer was overruled, defendant excepting and refusing to plead over. Judgment for plaintiff in the sum of $1,200, and defendant appeals.

*Shiras & Van Duzee* for the appellant.

*Beach & Gray* for the appellees.

BECK, J. — It is insisted by defendant's counsel, that the suit cannot be maintained by plaintiffs; that Sarah A. Rhodes, upon the death of Mahlon Kingman, became entitled to a distributive share of his estate, which, at her death, vested in her adminis-

ADMINISTRA-
TOR: parties.

trator, who alone can recover the same for the use of her estate, to be expended in the payment of the debts thereof, and in case there should be no debts, to be distributed to her heirs. This view is undoubtedly correct. Without determining that the plaintiffs could, or could not, maintain the action, in case no administration has been granted upon the estate of their mother, or the time for granting letters of administration thereon, limited by the statute, has expired, or no debts against her estate in fact exists, or in case of the existence of other like facts, none of which are shown in the petition, we are clearly of the opinion that the plaintiffs, upon the case made by the petition, are not the proper parties to prosecute this suit in that capacity.

The other point made by the demurrer, namely, that the claim not having been filed in the County Court, nor suit thereon brought within eighteen months, is barred by section 2405 of the Revision, we will not undertake to rule. The cause must be reversed upon the ground above stated; an amendment of the petition may present this point in a different aspect, even if it will not obviate the necessity of its decision in this case.

Reversed.