ALBERT W. COX, ADMINISTRATOR, v. JOHN YEAZEL ET AL.

FILED OCTOBER 7, 1896.   No. 6685.

49  343
57  192
49  343
d61  713

1. **Executors and Administrators: ACTIONS.** Generally, an action to recover a debt payable to a deceased intestate must be brought by the administrator of the estate.

2. ——: ——. Such an action cannot be maintained by the heirs at law, unless there be no demands against their decedent ancestor and there has been no administration, or the administration has been closed.

3. ——: ——. The right of a foreign administrator to sue in this state is recognized by chapter 23, section 337, Compiled Statutes.

4. ——: ——: EVIDENCE. *Held,* That the verdict of the jury is unsupported by the evidence.

ERROR from the district court of Adams county. Tried below before BEALL, J.

*Batty & Dungan,* for plaintiff in error.

*Tibbets, Morey & Ferris* and *Bedford Brown, contra:*

This action is properly brought by plaintiffs below. They have legal capacity to bring this suit. Where an estate has been administered and all claims against it paid, and only one claim outstanding in its favor, which the administrator is unwilling to sue, and which i r a number of years he fails and neglects to protect, the heirs can bring the suit. (*Fretwell v. McLemore,* 52 Ala., 124; *Salter v. Salter,* 98 Ind., 522; *Sanders v. Moore,* 12 S. W. Rep. [Ark.], 783; *Vanderveer v. Alston,* 16 Ala., 494; *Plunkett v. Kelly,* 22 Ala., 655; *Frowner v. Johnson,* 20 Ala., 477; *Marshall v. Crow,* 29 Ala., 278; *Amis v. Cameron,* 55 Ga., 449; *Needham v. Gillette,* 39 Mich, 574; *Foote v. Foote,* 61 Mich., 181; *Kilcrease v. Shelby,* 23 Miss., 161; *Watson v. Byrd,* 53 Miss., 480; *Ricks v. Hilliard,* 45 Miss., 359; *Wright v. Smith,* 19 Nev., 143; *George v. Johnson,* 45 N. H., 456; *Hibbard v. Kent,* 15 N. H., 516; *Woodman v. Rowe,* 59 N. H., 453; *Begien v. Freeman,* 75 Ind., 398; *Holzman v. Hibben,* 100 Ind., 338; *Lewis v. Lyons,* 13 Ill., 117; *Abbott v. People,* 10 Ill. App., 62; *McCleary v. Menke,* 109 Ill., 294; *Walworth v. Abel,* 52 Pa. St., 370; *Weaver v. Roth,* 105 Pa. St., 408-413; *Patterson v. Allen,* 50 Tex., 23; *Webster v. Willis,* 56 Tex., 468; *Taylor v. Phillips,* 30 Vt., 238; *Babbitt v. Bowen,* 32 Vt., 437; *Richardson v. Cooley,* 20 S. Car., 347; *Randel v. Dyett,* 38 Hun [N. Y.], 347; *Wood v. Weimar,* 104 U. S., 787; *Cooper v. Davison,* 5 So. Rep. [Ala.], 650; *Carter v. Owens,* 41 Ala., 217; *Sullivan v. Lawler,* 72 Ala., 68; *Thomas v. White,* 14 Am. Dec. [Ky.], 56; *Gilbert v. Thomas,* 3 Ga., 575; *Worthy v. Johnson,* 52 Am. Dec. [Ga.], 401; *Patton v. Gregory,* 21 Tex., 513; *Roger v. Kennard,* 54 Tex., 36; *Hargroves v. Thompson,* 31 Miss., 211; *Dorsheimer v. Rorback,* 23 N. J. Eq., 46; *Hubbard v. Ricart,* 23 Am. Dec. [Vt.], 202.)

NORVAL, J.

The case is substantially this: That in 1877 James Yeazel resided in Champaign county, Illinois, and being the owner of considerable real estate in said county, he negotiated a loan, secured by a mortgage thereon, for $5,000, of which sum he loaned $3,000 to his son, Abraham Yeazel, who then resided in this state, to enable the latter to engage in the business of banking. No note was taken for the $3,000 sent to Abraham Yeazel, yet the latter at various times paid interest on the money, and otherwise acknowledged the validity of the indebtedness, but never paid the principal to his father. In 1879, James Yeazel having become financially involved conveyed his lands to his said son Abraham, who then resided at Hastings, for the purpose of placing the same beyond the reach of the creditors of the father. There was no consideration whatever for this conveyance. In 1881 Abraham Yeazel borrowed $8,000 and secured the payment thereof upon the land so conveyed to him, and out of the proceeds arising from this loan the $5,000 mortgage and accrued interest was paid off and canceled, and a judgment recovered against James Yeazel by an Illinois bank was paid, and the balance of the $8,000, amounting to over $1,000, was paid over by the mortgagee to Abraham Yeazel, who retained the same. In 1886 about 100 acres of the land was sold, and $3,000 of the consideration was applied on the mortgage last aforesaid, a new note for $6,000, secured by a mortgage on the remainder of the land, was executed by Abraham Yeazel, and the balance of the $8,000 loan was paid off. Various other sums of money, it is claimed, were loaned by James Yeazel to his said son which were never paid back. On December 5, 1887, Abraham Yeazel and wife conveyed the unsold portion of the land, subject to the $6,000 mortgage, to John Yeazel in trust for the children of the said James. In January, 1888, the said James Yeazel died intestate, leaving, him surviving, ten children and heirs at

law. One White was duly appointed administrator by the probate court of Champaign county, Illinois, and various claims were allowed against the estate. Subsequently, the estate was declared insolvent. Shortly thereafter White resigned, and one Patrick Richards was appointed administrator *de bonis non*, who qualified as required by law. In 1888 an action was brought by certain of the heirs of James Yeazel in the circuit court of Champaign county to obtain a partition of said real estate, against the resident heirs of the deceased and the administrator *de bonis non*, but Abraham Yeazel was not a party to the litigation. Pending the action certain of the creditors of the deceased intervened, and filed creditors' bills praying that the deeds from James to Abraham, and from Abraham and wife to John, be set aside as fraudulent as to said creditors, and that the real estate be subjected to the payment of their claims. The prayer of the intervenors was granted, and the lands were sold in accordance with the decree. In 1890 Abraham Yeazel died, leaving, him surviving, his widow and a minor child. The widow was appointed administratrix of his estate by the county court of Adams county, and subsequently Albert W. Cox was appointed administrator *de bonis non* of the estate of Abraham Yeazel, deceased. On January 8, 1891, the defendants in error, as heirs of said James Yeazel, deceased, filed in the county court of Adams county a claim against the estate of Abraham Yeazel, deceased, for the sum of $6,000 on account of moneys so loaned by James to Abraham. Objections to the allowance of the claims were made, and upon the hearing on the testimony adduced by the claimants alone, the county court disallowed the claim. From this order of disallowance the claimants appealed to the district court, where they filed a petition setting up therein, *inter alia*, the matters already detailed. The administrator demurred to the petition upon the following grounds:

1. Plaintiffs have no legal capacity to sue.

2. Several causes of action are improperly joined.

3. Misjoinder of parties plaintiff.

4. The petition does not state a cause of action.

5. The several causes of action are barred by the statute of limitations.

The demurrer was overruled by the court, an answer was filed alleging the same defenses interposed by the demurrer, and others which need not be stated here. Claimants filed a reply, and upon a trial of the issues to a jury a verdict was returned against the estate of Abraham Yeazel for $5,215.54, upon which judgment was subsequently rendered. The administrator has brought the record to this court for review.

Many interesting legal propositions are discussed in the briefs of counsel, but the most important controverted question presented by the record, and the controlling one in the case, is whether the heirs of James Yeazel can maintain an action to recover the moneys in question. It must be conceded, we think, that two suits cannot be successfully prosecuted to collect the same,—one by the heirs of the decedent and another by the personal representative. The question arises, then, in whose favor does the right of action exist? The title to the debt or chose in action did not vest in the heirs of James Yeazel immediately upon his death, but passed to his administrator, who is entitled to all the personal property, rights, and credits of the deceased. They are assets in his hands, chargeable first with the payment of the debts of the estate and costs and expenses of administration. It is only the residue of the personalty remaining after such debts and expenses are paid that descended to the heirs or distributees. (*Gilkey v. Hamilton*, 22 Mich., 283; *Babcock v. Booth*, 2 Hill [N. Y.], 181; *Valentine v. Jackson*, 9 Wend. [N. Y.], 302; *Rockwell v. Saunders*, 19 Barb. [N. Y.], 473; *Laurence v. Wright*, 40 Mass., 128; *White v. Ray*, 4 Ired. [N. Car.], 14; *Beecher v. Buckingham*, 18 Conn., 110; *Neale v. Hagthorp*, 3 Bland Ch. [Md.], 551.) If, then, the title to the personal assets of James Yeazel vested in his admin-

istrator, for the purpose of collecting and disposing of the same for the benefit of the creditors and heirs or distributees, it necessarily follows that the administrator, and not the heirs, is the proper party to bring this action to recover the debt in question.

The rule is thus stated in Schouler, Executors & Administrators [2d ed.], sec. 239: "The title of the executor or administrator, as representative, extends so completely to all personal property left by the decedent as to exclude creditors, legatees, and all others interested in the estate. They cannot follow such property specifically in the hands of others, much less dispose of it; but the executor or administrator is the only true representative thereof that the law will regard. The legal and equitable title to all the personal property of the deceased, including choses in action and incorporeal rights, vests in fact in the executor or administrator as against all others, during the suitable period for administration, and he holds this property as a trustee and proper representative of all parties interested therein." And at section 276 the same author says: "A payment made by a debtor of the estate to anyone, even to the residuary legatee or next of kin, is a mispayment, and from such person the representative may recover."

The following authorities, in addition to those already cited, sustain the doctrine that the heirs cannot maintain this action: 7 Am. & Eng. Ency. of Law, secs. 232, 258, 307, 360; 2 Woerner, American Law of Administration, sec. 322; *Haynes v. Harris*, 33 Ia., 516; *Rhodes v. Stout*, 26 Ia., 313; *Baird v. Brooks*, 21 N. W. Rep. [Ia.], 163; *Richardson v. Vaughan*, 23 S. W. Rep. [Tex.], 640; *Varner v. Johnston*, 17 S. E. Rep. [S. Car.], 483; *Highmote v. White*, 67 Ind., 596; *Finnegan v. Finnegan*, 125 Ind., 262; Schouler, Executors & Administrators, secs. 239 to 276; *Beattie v. Abercrombie*, 18 Ala., 9; 3 Wait, Actions & Defenses, 238, 442; *Webster v. Tibbits*, 19 Wis., 438; *Linsenbigler v. Gourley*, 56 Pa. St., 166; *Pope's Heirs v. Boyd*, 22 Ark., 535; *Lemon's Heirs v. Rector*, 15 Ark., 436; *Snow v. Snow*, 49 Me.,

159; *Cheely v. Wells*, 33 Mo., 106; *Ketchum v. Dew*, 7 Cold. [Tenn.], 532; *Pritchard v. Norwood*, 30 N. E. Rep. [Mass.], 80; *Morse v. Clayton*, 13 S. & M. [Miss.], 373; *Hollowell v. Cole*, 25 Mich., 345; *Woodin v. Bagley*, 13 Wend. [N. Y.], 453; *Marshall v. King*, 24 Miss., 85; *Allen v. Simons*, 1 Curtis [U. S. C. C.], 122; *Miller v. Eatman*, 11 Ala., 609; *Murphy v. Hanrahan*, 50 Wis., 485; *Bradford v. Felder*, 2 McCord Ch. [S. Car.], 168; *Cochran v. Thompson*, 18 Tex., 652; *Smith v. Denny*, 37 Mo., 20; *Leamon v. McCubbin*, 82 Ill., 263; *Newman v. Schwerin*, 61 Fed. Rep., 865; *Hazelton v. Bogardus*, 8 Wash., 102; *Longacre v. Stiver*, 35 N. E. Rep. [Ind.], 900; *Eisenbise v. Eisenbise*, 4 Watts [Pa.], 134; *Barlow v. Nelson*, 32 N. E. Rep. [Mass.], 359; *Palmer v. Green*, 63 Hun [N. Y.], 6; *Brunk v. Means*, 11 B. Mon. [Ky.], 214.

The syllabus of *Hollowell v. Cole*, 25 Mich., 345, reads as follows: "A son and sole heir of a decedent, upon whose estate an administrator has been appointed and qualified, and has not been discharged, has no authority to enforce collection, in his own name, of a claim which had existed in favor of said decedent during her lifetime, against the estate of another decedent."

Counsel for plaintiffs below concede the general rule to be that the heirs cannot sue for assets belonging to an estate of an intestate, but that such action must be brought by the administrator. They insist, however, that this rule has a general recognized exception, that when it is shown that the estate owes no debts and that no letters of administration have been granted, the title to the personal property and choses in action passes to the heirs and they may sue to recover the same, and distribute the assets among themselves without the expense of administration. That such doctrine exists and is abundantly sustained by the authorities, cannot be doubted. Where there are no liabilities or debts against the estate of an intestate, there is no necessity for increasing the expense of administration, and in such case the heirs may maintain an action to recover a debt owing the estate. But the rule invoked by counsel is not appli-

cable to this record. The petition, as well as the proof, shows that when the claim was filed by the heirs against the estate of Abraham Yeazel, there was a qualified and acting administrator of the estate of James Yeazel, deceased. His estate had not been fully settled, nor is it alleged that even the costs of administration have been paid; hence, the administrator, and not the heirs, had the right to recover the debts due his intestate. The fact that more than a year subsequent to the bringing of this action the administrator *de bonis non* was discharged is unimportant and has no bearing upon the issues. The case must be determined upon the rights of the parties when the proceedings were instituted. At that time the heirs had no right of action. The fact that they afterwards acquired title to the assets of their father, if it be a fact, by the discharge of the administrator *de. bonis non,* could not help them in this action. They could no more maintain a suit by reason of an after-acquired title or right than could a plaintiff recover upon a promissory note to which he had no title when he brought his action thereon, but which obligation he subsequently purchased from the original owner. If the administrator *de bonis non* of the estate of James Yeazel failed, neglected, and refused to take any steps to collect this claim, as is now insisted, the heirs should have had him removed before bringing this suit. If the claim was lost by his neglect, they have their remedy against him upon the bond. It is true, no administrator of the estate of James Yeazel, deceased, was ever appointed in this state, but this cannot aid the plaintiffs below, since the right of a foreign administrator to sue in this state is recognized by statute. (Compiled Statutes, ch. 23, sec. 337.)

It is argued that the question whether the heirs have the right to prosecute the suit is not before us for review, since, after demurring to the petition on the ground that plaintiffs have no legal capacity to sue, the defendant did not stand upon his demurrer, but filed an answer. Conceding that answering and going to trial constituted

a waiver of the first ground of demurrer, the defendant did not thereby waive the fourth objection therein stated, namely, that the petition fails to state a cause of action in favor of the plaintiffs. This defect or objection is always available, and is not lost by answering after the overruling of a demurrer. The petition on its face, as well as the evidence adduced, discloses that an administrator *de bonis non* of the estate of James Yeazel had been appointed and qualified prior to the filing of this suit and that he had not been discharged. So that the petition and the proofs make out a cause of action in his favor, and not any liability in favor of the heirs. See authorities heretofore cited. The verdict is therefore contrary to the evidence. The conclusion reached makes it unnecessary to consider the other points argued in the brief. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.