OTILA PRUSA ET AL., APPELLANTS, V. FRANK J. EVERETT ET AL., APPELLEES.*

FILED JANUARY 17, 1907.   No. 14,630.

Executors and Administrators: SUIT BY HEIRS.   A suit in equity, brought to recover money due an estate of a deceased person alleged to be held in trust by defendants, cannot be maintained by the heirs or devisees before the administration of the estate is terminated in the county court.

APPEAL from the district court for Colfax county: JAMES G. REEDER, JUDGE.   *Affirmed.*

*James A. Grimison,* for appellants.

*Martin & Ayers, contra.*

EPPERSON, C.

The plaintiffs, as heirs at law and devisees of Anton' Prusa, by their guardian, brought this action in the district court for Colfax county against the defendants, attorneys representing the estate of said Anton Prusa, for an accounting and for a certain sum of money alleged to be held by defendants for said estate and for plaintiffs as beneficiaries under the will of the deceased.   All debts of the estate have been paid, but the administrator *de bonis*

* Rehearing allowed.   See opinion, p. 251, *post.*

*non* has not rendered his final account in the county court. The administrator *de bonis non* refused to bring an action against defendants for the sum herein sued for by the plaintiffs.

The district court sustained a demurrer to the petition, and the sole question for determination on this appeal is whether heirs or devisees can maintain an equitable action to recover assets, which would increase the value of the estate, while the estate is in process of administration in the county court. We consider this question answered in the negative by this court in *Cox v. Yeazel*, 49 Neb. 343, where it was held that an action cannot be maintained by the heirs at law to recover a debt payable to an intestate unless there be no demands against the deceased ancestor and there has been no administration, or the administration has been closed. We are cited to no authority, and we have been unable to find one, holding a different rule in actions in equity. We find no occasion to depart from the rule of *Cox v. Yeazel, supra,* in actions in equity to recover money held in trust for the estate. The petition seems to state a cause of action in favor of the estate, and the administrator *de bonis non* will no doubt protect the interests he represents.

We think the judgment of the district court should be affirmed, and so recommend.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed October 16, 1907. *Former judgment of affirmance vacated and judgment of district court reversed:*

1. **Administrator De Bonis Non.** The term "administrator *de bonis non*," used in reference to the administration of estates by the courts of this state, means an administrator who has been ap-

pointed in the place of a former administrator or executor who has ceased to be such after partial administration of the estate.

2. ——: POWERS. The administrator *de bonis non* has all the powers of his predecessor, and may sue to recover funds in the hands of agents employed by his predecessor.

3. Executors and Administrators: SUIT BY HEIRS. When all the debts and charges against an estate of a decedent have been paid, nothing remaining but the formal statutory proceedings to settle the estate, and the administrator *de bonis non* refuses to bring an action to recover assets of the estate, the only heir at law and beneficiary under the will may maintain such action in equity, making the administrator *de bonis non* a party.

4. Case Distinguished. *Cox v. Yeazel*, 49 Neb. 343, distinguished, and our former opinion, *ante*, p. 250, vacated.

EPPERSON, C.

We were wrong in our former opinion, *ante*, p. 250, in holding that this case was ruled by *Cox v. Yeazel*, 49 Neb. 343.

The plaintiffs are the only heirs at law and beneficiaries under the will of Anton Prusa, deceased, and by their guardian bring this action, alleging, in substance, that Mary M. Prusa, executrix of the estate of said Anton Prusa, deceased, employed the defendants herein as attorneys at law in all matters pertaining to the settlement of the estate; that pursuant to an order of the county court procured upon the application of the executrix, assisted by the defendants herein as attorneys and counselors at law, the executrix offered for sale at public auction to the highest bidder three promissory notes for $1,000 each, given to the testator by Joseph Prusa, and sold the same to the defendants herein for $1,025. Soon after the sale of said notes the executrix died, and an administrator *de bonis non* was appointed. Defendants paid to him $1,025, the amount bid for said notes, and thereafter presented them to the legal representatives of Joseph Prusa, deceased, and received therefor the sum of $2,600. It was alleged that the proceedings resulting in a sale of the notes were had at the solicitation and request of the

defendants, with the fraudulent intent of becoming themselves the purchasers, and that the executrix was so debilitated physically and mentally by long continued illness that she was wholly incapable of transacting business, but trusted to the fidelity and skill of her said attorneys. It is further alleged that all debts and charges of every kind and nature against the estate of Anton Prusa have been paid, and that the administrator *de bonis non* has refused and neglected to prosecute any action to recover the trust funds alleged to have been owing by defendants. The administrator *de bonis non* was made a party defendant. Plaintiffs pray for a decree declaring the fund to be a trust fund, for an accounting, and for a judgment for the amount found due.

It is contended by plaintiffs that the administrator *de bonis non* could not maintain a suit against the defendants upon the cause of action alleged, and that the beneficiaries under the will are the only persons who have a litigable interest—citing, in support of their contention, *Beall v. New Mexico,* 16 Wall. (U. S.) 535; *United States v. Walker,* 109 U. S. 258; *Wilson v. Arrick,* 112 U. S. 83. These cases, and many others, are to the effect that the administrator *de bonis non* is empowered to administer only the things not administered by his predecessor; that upon a conversion of the personalty it becomes administered, and the right to sue for such conversion does not rest in the administrator *de bonis non.* Authority is given to the administrator *de bonis non* to administer only the goods, chattels and credits of the deceased which have not been administered. He is entitled to all the goods and personal estate which remain in specie. Money received by the former administrator or executor as such and kept by itself will pass to the administrator *de bonis non* as a part of the estate of the deceased, but if mixed with the former representative's own funds, it is considered as administered. Such is the common law rule, and prevails in jurisdictions where a different rule has not been established by legislative enactment. See *Hodge*

*v. Hodge,* 90 Me. 505, 40 L. R. A. 33, and note. The same reasoning would apply to goods and chattels or credits converted by an agent of the former representative. In fact, such is the reasoning in *Wilson v. Arrick, supra,* and such is the contention of plaintiffs herein.

No fraud on the part of the executrix is alleged, but instead the existence of a trust fund in the hands of the defendants. Section 5027, Ann. St., provides: "The word 'executor' in this chapter shall be construed to include the administrator with the will annexed." Section 5034 declares that such administrator shall give bonds in the same manner and with the same condition as is required of an executor, and shall proceed in all things to execute the trust in the same manner that an executor would be required to do. Section 5029 provides, among other things, that the executor is "to administer according to law and to the will of the testator all his goods, chattels, rights, credits and estate which shall at any time come to his possession, or to the possession of any other person for him, and out of the same to pay and discharge all debts, legacies, and charges chargeable on the same." Section 5051 provides: "When any such executor or administrator shall die without having fully administered the estate, the probate court may grant letters of administration with the will annexed, or otherwise, as the case may require, to some suitable person, to administer the goods and estate of the deceased not already administered." Section 5067 gives to the executor the right to the possession of the personal property of the deceased. It will be observed that nowhere in our statutes appears the term "administrator *de bonis non.*" This expression is frequently used by the courts and by attorneys with reference to an administrator appointed in the place of a former administrator or executor. See *Ellyson v. Lord,* 124 Ia. 125. Such an appointee receives his authority from the statutes and looks to the same to ascertain his duties. His power is greater than that implied by the term "administrator *de bonis non*" at common law. The

petition herein refers to the subsequently appointed administrator as an administrator *de bonis non*. We must construe this to mean the appointment of an administrator having all the powers and duties which our statute vests in an administrator appointed to succeed the executrix. And such includes the power and duty to take up the administration and settlement of the estate and prosecute the same to the same extent as the executrix would in law have been required to do had she lived and continued in office.

The petition herein shows that at the death of the executrix the notes had been sold, but the defendants had not paid the alleged purchase price to her. Afterwards they paid that amount to the administrator *de bonis non*. Defendants did not collect the $2,600 upon the notes until after the appointment of the administrator *de bonis non*. The cause of action alleged arose in favor of the estate against the defendants when they collected the $2,600, and not before; and it was the duty of the defendants to account to the legal representatives of the deceased, the administrator *de bonis non*, for the fund which they collected in their fiduciary relation with the estate. They were the attorneys for the estate employed by the executrix. Whatever they did by virtue of that employment was for the benefit of the estate. In *Ellyson v. Lord, supra*, the court, construing statutes similar to ours above cited, held: "An administrator *de bonis non* has all the powers of his predecessor, and is entitled to receive from him all the assets of the estate held by him as executor or administrator." (99 N. W. 582.) The administrator *de bonis non* could maintain an action against the defendants herein, but it is alleged that he refused to do so.

The debts against the estate have been paid. Plaintiffs are the only beneficiaries under the will of the deceasd and the only persons having an interest in the subject matter of this litigation. Because of these facts, and because the administrator *de bonis non* refused to bring this action, plaintiffs contend that they have a right to

sue.  In *Cox v. Yeazel,* 49 Neb. 343, it was held: "Generally, an action to recover a debt payable to a deceased intestate must be brought by the administrator of the estate.  Such an action cannot be maintained by the heirs at law, unless there be no demands against their decedent ancestor and there has been no administration, or the administration has been closed."  The above is the general rule, but upon a further consideration of this case we have reached the conclusion that it should not be followed here.  In *Cox v. Yeazel* the heirs filed a claim against the estate of their ancestor's debtor.  They did not make their ancestor's legal representative a party.  The estate had been declared insolvent.  It was not alleged that the costs of administration had been paid.  It does not appear that the administrator *de bonis non* ever refused to bring the action.  Nothing appears in *Cox v. Yeazel* which would remove it from the operation of the general rule. But, where the administrator refuses to bring an action, must the heirs or legatees first cause his removal and the appointment of one who will proceed with the litigation? Perhaps the order of removal would be appealed from, and there would be long and vexatious delay.  Must the heirs look to the administrator and his bondsmen to recompense them for the damage done by his refusal? We think not.  Justice should be administered quickly, and, where it is possible for the courts to grant a hearing to one alleging a cause of action, the hearing should be had, though by delay the same relief might be granted in some other way.  Again, the administrator may honestly believe that no cause of action exists in favor of the estate which he should prosecute.  And upon a hearing before the county judge to remove him, that court may not think there is sufficient ground to justify removal. Should plaintiffs herein be denied a hearing upon their alleged cause of action because of these facts, and perhaps be required to delay the prosecution of the same until an appeal is litigated through the higher courts?  Perhaps if another should be appointed he too might refuse to

sue.  We can plainly see that after preliminary litigation
which itself might be protracted, and after long and vex-
atious delay, the administrator or his successor might be
compelled to institute an action.  If so, the action would
be instituted in the district court.  But why should there
be required this delay?  The defendants are not injured.
There is no danger of a second suit.  The administrator
*de bonis non* is made a party defendant to this suit, and
will be barred by the judgment herein, if one is obtained.
Neither himself nor the estate will be permitted to re-
cover, if recovery be had herein.  In *Moore v. Waldstein,*
74 Ark. 273, 85 S. W. 416, it was held that, under a statute
providing that the executor or administrator may sue in
chancery to set aside a transfer for the benefit of the heirs
at law, if the administrator refused to sue, the heirs at
law could bring the action.  In *Randel v. Dyett,* 38 Hun
(N. Y.), 347, a case instituted by an heir, the court having
under consideration a transfer by the legal representative
alleged to have been fraudulently made said: "The person,
however, who represents the estate will not defend it.  He
will not bring an action to set aside the transfer made
by himself under these circumstances.  To meet this state
of facts it is an acknowledged principle in our law that
when a person whose duty it is to act refuses, a party
injured by the refusal may act in behalf of the injured
estate."  In *Bem v. Shoemaker,* 10 S. Dak., 453, 74 N. W.
239, it was held: "On the refusal of the administrator to
bring an action for the recovery of lands alleged to belong
to the estate, the heirs may bring such action."  In the
opinion it is said: "In none of the cases is the remedy
proposed by the learned counsel for appellants, namely,
application to the probate court for a removal of the
administrator, and the appointment of another in his
place, suggested or referred to by the court, but the
decisions are placed upon the broad ground that, when a
party whose duty it is to protect the interests of the estate
refuses so to do the party beneficially interested may take
the necessary proceedings to so protect it.  It will thus

20

be seen that the court, in holding that the heirs of the estate, after the refusal of the administrator to act, could maintain the action, announced no new doctrine, and established no new theory, but simply followed in the line of the adjudicated cases." See, also, *Long v. Majestre,* 1 Johns. Ch. (N. Y.) 305; *Hagan v. Walker,* 14 How. (N. Y.) 28; *VanDyke v. VanDyke,* 31 N. J. Eq. 176; *Bate v. Graham,* 11 N. Y. 237. This court in *Cox v. Yeazel, supra,* recognized this rule. In the opinion we find the following: "Where there are no liabilities or debts against the estate of an intestate, there is no necessity for increasing the expense of administration, and in such case the heirs may maintain an action to recover a debt owing the estate." In *Tecumseh Nat. Bank v. McGee,* 61 Neb. 709, this court, while recognizing the general rule as announced in *Cox v. Yeazel, supra,* recognized, also, exceptions to the rule, and held "that the order of the trial court, substituting an heir at law and permitting her to prosecute the action for her interest in the claim in controversy in her own name, the other heirs having settled and compromised theirs, was not erroneous." It is true the conclusion there reached was based in part upon the doctrine of estoppel, but another reason is also expressed in the opinion as follows: "We may presume, in the absence of this evidence, that it was shown that the estate was settled up, or so far that all necessary arrangements had been made for the satisfaction of all claims against the estate and the costs of administration, leaving the subject of the present controversy purely one affecting the rights and interests only of the heirs at law."

From the petition herein it appears that there are no outstanding claims against the estate; that the interests of all concerned have been settled; that the beneficiaries under the will are the only persons interested; that but for the claim alleged to be due from the defendants nothing remains but the statutory and formal proceedings to settle the estate. Personally the administrator *de bonis non* has no interest in this claim. Were he to sue, it would

be solely for the benefit of the plaintiffs herein.   Under these circumstances, we think this case is not within the rule of *Cox v. Yeazel, supra,* but that a court of equity should entertain the action.

We therefore recommend that our former opinion be vacated, and the judgment of the district court reversed and the cause remanded for further proceedings.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the former opinion herein is vacated, the judgment of the district court reversed and the cause remanded for further proceedings.

REVERSED.