THE MEAD COMPANY ET AL., APPELLANTS, V. ZDENKA A. DOERFLER ET AL., APPELLEES.

18 N. W. 2d 524

FILED APRIL 27, 1945. No. 31858.

*Neighbors & Danielson,* for appellants.

*Morrow & Miller,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action in two causes of action by The Mead Company, a copartnership, and others, against Zdenka A. Doerfler and Douglas Callahan, administrator of the estate of Otto H. Doerfler, deceased. Demurrers were sustained to the separate causes of action. Plaintiffs elected to stand on their petition whereupon judgment of dismissal was entered. From this judgment plaintiffs have appealed.

For their first cause of action plaintiffs pleaded that Otto H. Doerfler died intestate on December 15, 1939; that they filed claims against the estate in the amount of $2,835.75; that the total of the claims filed against the estate amounted to $10,449.85; that in this total was a claim of L. W. Cox & Co., a corporation, for $5,066.37; that L. W. Cox & Co. withdrew a part of its claim amounting to $896.05 thus retaining its claim for $4,170.32; that the entire claim of L. W. Cox & Co. thus retained was evidenced by promissory notes executed by Otto H. Doerfler and the defendant Zdenka A.

Doerfler, except $150.52, although neither the notes nor copies thereof were attached or otherwise made a part of the claim; that the indebtedness represented by the claim, except $150.52, and evidenced by the promissory notes, was the sole obligation of Zdenka A. Doerfler and that Otto H. Doerfler was only an accommodation endorser of the notes; that all claims were allowed in full; that claims in the amount of $364.65 were paid in full; that the estate being insolvent the other claimants including the plaintiffs and L. W. Cox & Co. received in payment 29 per cent of the amounts for which their claims had been allowed; that L. W. Cox & Co. received as its apportionment $1,293.92.

They pleaded further that since Otto H. Doerfler was only an accommodation endorser his administrator was entitled to and there was a duty on his part to institute action and that he had the right to recover back from Zdenka A. Doerfler, the obligor of the promissory notes, the amount which had been paid out of the estate thereon or $1,293.92.

They pleaded that the administrator has failed, refused and neglected to bring action to recover this amount, therefore they are entitled in their own name, for the benefit of all creditors situated as they are, to bring this action.

For their second cause of action plaintiffs pleaded that on July 13, 1940, the county court of Scotts Bluff county, Nebraska, with the consent and acquiescence of the defendant, Douglas Callahan, administrator, notwithstanding the fact that the administration of the estate of Otto H. Doerfler, deceased, had been closed except for the prosecution of an action to recover damages for the wrongful death of the said deceased, authorized the said Callahan to withhold $900 for the purpose of paying an additional six months widow's allowance to the defendant Zdenka A. Doerfler at the rate of $150 per month, which amount was paid.

They pleaded that the county court was without jurisdiction to authorize payment of a widow's allowance after July 13, 1940. The prayer as to the second cause of action is for recovery of this amount for distribution to the general creditors of the estate.

The grounds of demurrer to the two causes of action were: (1) That the court was without jurisdiction of the subject matter, (2) that the plaintiffs had no legal capacity to sue, and (3) that the petition did not state sufficient facts to constitute a cause of action. The ground or grounds on which the demurrers were sustained are not disclosed by the record.

We direct our attention first to the first cause of action. As to this one, by an admission or concession of appellees in their brief, we may properly limit our consideration to the sole question of whether or not the plaintiffs have the right to maintain the action, that is, may a creditor of an estate maintain action for the recovery of assets due the estate when the administrator has failed, refused and neglected to institute action for that purpose. The admission or concession is contained in the following from appellees' brief: " * * * but it was conceded in the lower court and will be conceded in this court that if the facts stated in the first alleged cause of action could be established to the satisfaction of a court or jury, the administrator could recover the item therein specified. The court sustained the demurrers to both causes of action. It is therefore a legitimate assumption that the demurrers were sustained on the ground that the plaintiffs did not have any right to maintain said action."

There is no case directly in point in this state. However the appellants contend that there is an analogy in the decisions the reasoning back of which sustains their right to maintain the action. This analogy came into being as an exception to a general rule that title to the personal estate of an intestate decedent is in the administrator until the charges against the estate have been paid or until sufficient of the estate has been set aside to meet the charges, and until the estate has been closed the administrator is the only proper party plaintiff in an action for recovery of assets for and on behalf of the estate. This general rule was announced in *Cox v. Yeazel*, 49 Neb. 343, 68 N. W. 483. It has been approved as a general rule in *Tecumseh Nat. Bank v.*

*McGee,* 61 Neb. 709, 85 N. W. 949; *Prusa v. Everett,* 78 Neb. 251, 113 N. W. 571; *Hughes v. Langdon,* 111 Neb. 515, 199 N. W. 832; *Dutch v. Welpton,* 121 Neb. 480, 237 N. W. 579; *Blochowitz v. Blochowitz,* 130 Neb. 789, 266 N. W. 644. However, while these cases recognize the general rule yet they recognize exceptions.

The case of *Cox v. Yeazel, supra,* was one wherein the court was called upon to decide the question of whether or not heirs could maintain action. In the opinion it was stated: "If, then, the title to the personal assets of James Yeazel vested in his administrator, for the purpose of collecting and disposing of the same for the benefit of the creditors and heirs or distributees, it necessarily follows that the administrator, and not the heirs, is the proper party to bring this action to recover the debt in question." Further in the opinion in exclusion of the right of an heir to bring action it was stated: "The following authorities, in addition to those already cited, sustain the doctrine that the heirs cannot maintain this action: * * * ."

The case of *Tecumseh Nat. Bank v. McGee, supra,* was one where an heir was permitted to bring action in her own name for what she claimed was due her as a part of an estate. This court indulged a presumption that the estate had been settled and arrangements had been made for satisfaction of claims and payment of costs of administration but pointed out in the following words that it was of no consequence whether or not this had been done: "But even if this is not the case, the proceedings must be regarded as an exception to the general rule. * * * Thereupon she was given the right to prosecute in her own behalf. This, we think, was proper to be done under the circumstances of the case, and no error was committed in so doing." It will be observed from an examination of the entire opinion that the declared exception to the general rule did not involve an unqualified right of an heir to bring action. It involved only the right after permission so to do was obtained from the county court.

In *Prusa v. Everett, supra,* this court approved action by

an heir instead of an administrator *de bonis non*. The reasoning supporting the exception appears judicious and compelling and for that reason it will be quoted herein. It is the following: "But, where the administrator refuses to bring an action, must the heirs or legatees first cause his removal and the appointment of one who will proceed with the litigation? Perhaps the order of removal would be appealed from, and there would be long and vexatious delay. * * * We think not. Justice should be administered quickly, and, where it is possible for the courts to grant a hearing to one alleging a cause of action, the hearing should be had, though by delay the same relief might be granted in some other way. Again, the administrator may honestly believe that no cause of action exists in favor of the estate which he should prosecute. And upon a hearing before the county judge to remove him, that court may not think there is sufficient ground to justify removal. Should plaintiffs herein be denied a hearing upon their alleged cause of action because of these facts, and perhaps be required to delay the prosecution of the same until an appeal is litigated through the higher courts? Perhaps if another should be appointed he too might refuse to sue. We can plainly see that after preliminary litigation which itself might be protracted, and after long and vexatious delay, the administrator or his successor might be compelled to institute action. * * * But why should there be required this delay? The defendants are not injured. There is no danger of a second suit. The administrator *de bonis non* is made a party defendant to this suit, and will be barred by the judgment herein, if one is obtained."

The case of *Dutch v. Welpton, supra,* seems to indicate that the exception to the general rule is applicable only when the representative of the deceased has refused to bring action. In the opinion the court said: "And where an executor has not refused to compel an accounting by the trustees of the estate of a decedent, which is then in the course of probate proceedings, contingent heirs of such estate cannot maintain such an action."

In *Blochowitz v. Blochowitz, supra,* by quotation from and comment upon the opinion in *Prusa v. Everett, supra,* the right of an heir to maintain an action in the place of an administrator *de bonis non* is recognized when there are no outstanding claims against the estate and the beneficiaries are the only persons interested. In other words the opinion in this case, as well as the other cases cited and quoted from, recognizes the exception first recognized in *Prusa v. Everett, supra,* but we do not think that it was the purpose of this court in any of these cases to state that this was the only cognizable exception to the general rule. We think the reasoning supporting the exception already recognized inevitably points to a pronouncement that this court will recognize an exception where the representative of the deceased has failed, neglected and refused to prosecute action on behalf of the estate for the benefit of interested parties provided that the administrator is made a party to the action.

This appears reasonable and proper. The right of a claimant against an estate is of no less importance than the interest of an heir or distributee and no compelling reason suggests itself why his remedy to enforce a recovery should be more restricted than that of an heir.

The demurrer to the first cause of action was improperly sustained.

The second cause of action is for the recovery back on behalf of the estate for the benefit of creditors of a widow's allowance which appellants contend was improperly allowed and retained out of the estate.

Section 30-103, R. S. 1943, makes the following provision for the husband or wife and children of a deceased during the period of administration of the decedent's estate: " * * * the husband or wife and children constituting the family of the deceased shall have such reasonable allowance out of the personal estate, or out of the income of the real estate, as the county court shall judge necessary for their maintenance during the progress of the settlement of the estate, according to their circumstances, which shall not be longer

than one year after granting administration, nor for any time after the personal estate shall be assigned to the surviving husband or wife; * * * ."

In the petition it is not pleaded that the allowance extended beyond one year from the date of the grant of administration and neither is it pleaded that the administration was closed for all purposes. The sole basis of the contention that the allowance is void is that the personal estate of the decedent had· been assigned to the widow at the time the $900 was allowed and that it was improper thereafter to make or extend the allowance for the widow.

The order making the extended allowance is not pleaded but we infer from the petition that the allowance was part and parcel of the proceedings or at least contemporaneous with the assignment of the personal estate to the widow, the order for *pro tanto* payment of claims and the continuance of further proceedings which depended on the action for damages for wrongful death.

It appears clearly that it was made at a time when the court had jurisdiction of the subject matter and of all the parties to the probate proceeding.

The making of a widow's allowance out of a decedent's estate is specifically committed to the county court as is observable from an examination of the provision hereinbefore quoted from section 30-103, R. S. 1943. Also the Constitution (art. V, sec. 16) confers original jurisdiction in all matters of probate and the settlement of estates upon the county court, and by statute (R. S. 1943, sec. 24-503) exclusive jurisdiction is conferred on that court.

The order which furnishes the basis for this second cause of action was a final order within the jurisdiction of the county court and was not appealed from. *In re Estate of Fletcher*, 83 Neb. 156, 119 N. W. 232.

The applicable rule then is that a final order of the county court within its jurisdiction with all proper parties before it and not appealed from is not subject to collateral attack except for fraud. *In re Estate of Creighton*, 91 Neb. 654, 136 N. W. 1001; *Fischer v. Sklenar*, 101 Neb. 553, 163 N. W.

861; *Brownfield v. Edwards*, 132 Neb. 325, 271 N. W. 797; *Starr v. Fidelity & Deposit Co.*, 134 Neb. 240, 278 N. W. 478.

No appeal was taken from the order of the county court. The attack thereon was collateral. No fraud is alleged in the petition. It follows that no cause of action was stated and the demurrer thereto was properly sustained.

The judgment of the district court dismissing the second cause of action is affirmed. The judgment as to the first is reversed and the action remanded with directions to that court to overrule the demurrer thereto and to require the defendants to plead.

AFFIRMED IN PART AND
REVERSED IN PART, WITH DIRECTIONS.