MARTIN L. POWELL AND FREDERICK A. BRIGHAM, PLAINTIFFS IN ERROR, V. PETER A. McDOWELL, E. MARY GREGORY, AND JOHN S. GREGORY, DEFENDANTS IN ERROR.

1. **Judgment on Service by Publication:** OPENING. A party against whom a judgment or decree has been rendered, upon service by publication, must show that he has an interest in the subject of the action and that he is entitled to be heard in a defense thereto, before he can be entitled to have the decree or judgment set aside under the provisions of section eighty-two of the civil code.

2. ———: STRANGER TO RECORD CANNOT OPEN. The provisions of section eighty-two of the civil code include within their meaning, only parties against whom a judgment or decree has been rendered, and does not include strangers to the record who after the rendition of the judgment or decree have purchased an interest in the subject of the suit.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*J. R. Webster* and *W. E. Stewart*, for plaintiff in error.

*Brown & Ryan Bros.*, for defendant in error.

REESE, J.

The record in this case discloses the following facts:

On the 15th day of February, 1875, the defendants, E. Mary Gregory and John S. Gregory, to secure the payment of the sum of one thousand dollars and interest due to Peter A. McDowell in one year, executed and delivered to one George C. Newman a trust deed to certain lands therein described. The note not being paid at maturity, on the 26th day of November, 1877, McDowell commenced an action in the district court of Lancaster county to foreclose the trust deed as a mortgage, and at the Feb-

ruary term, 1878, of said court a decree of foreclosure was duly entered in his favor.

On the 26th day of February, 1876, Gregorys conveyed to the plaintiff Powell a part of the land described in said trust deed.

On the 24th day of May, 1878, Powell sold and conveyed the same to one E. P. Campbell.

On the 16th day of December, 1879, Campbell conveyed the same to Henry L. Wells.

On the 10th day of February, 1880, Wells conveyed it to Eliza S. Hume, who, on the 10th day of April, 1880, conveyed the same to the plaintiff, Frederick A. Brigham.

On the 3d day of March, 1883, Powell, who had been served with notice of the foreclosure proceedings by publication only, filed his motion to open the decree and for leave to file his answer under the provisions of section eighty-two of the civil code; and on the 10th day of the same month Hume and Brigham, by the same attorneys, filed a similar motion. Upon the hearing of these motions the foregoing facts, with many others not necessary to be here noticed, were developed.

The parties, by their briefs and arguments, have presented a number of questions for decision, but as in our opinion one of them must be decisive of the case, no other will be noticed.

The question thus presented is, whether or not the plaintiffs have brought themselves within the provisions of section eighty-two of the civil code. We think not. By the showing made by them the plaintiff Powell has had no interest in the subject of the action since the 24th day of May, 1878, at which time he conveyed the mortgaged property to Campbell. He is not the maker of the note, and is wholly uninterested in the result of the action. He is not liable on any covenant of warranty, for he conveyed to Campbell by a quit-claim deed. His interest in the subject of the action having been conveyed to another, he

is not a necessary party to the foreclosure and is not entitled to any relief, and in so far as the defenses presented by him are concerned, he is a stranger to the action.

The plaintiff Brigham is also without any standing in this case. The record shows that he received his conveyance from Eliza S. Hume on the 10th day of April, 1880, long after the decree of foreclosure had been made. He was not a party to the suit; no judgment or order had or has been rendered against him. The statute above referred to provides that, "A party against whom a judgment or order has been rendered" may, under certain circumstances, be permitted to set aside the decree and make his defense, but we know of no rule which permits a person to buy into a suit, after judgment, with full knowledge, either actual or constructive, of all the proceedings, and then reopen the case in order that litigation may be indefinitely prolonged in the settlement of supposed defenses, and we do not think the legislature intended to establish such a rule by the enactment of the section above referred to. If the plaintiffs have a remedy it must be sought in another direction.

From the foregoing it follows that the decision of the district court in overruling the motion of plaintiffs to set aside the decree and for leave to answer was correct, and is therefore affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.