PHILIP S. RINE, APPELLEE, V. JOHN A. RINE, ADMINISTRATOR, ET AL., APPELLEES; WILLIAM VON GAHLEN ET AL., APPELLANTS.

FILED APRIL 20, 1912. No. 16,673.

1. Parties: ACTIONS AFFECTING PERSONALTY OF DECEDENT. The executor or administrator, in actions affecting decedent's personal property in due course of administration, is the proper party to prosecute or defend, but an exception to that rule permits an heir or legatee to appear in a suit to protect his own rights, where there is collusion between parties asserting adverse interests and the legal representative of decedent.

2. Judgment: OPENING. Under section 82 of the code, providing that "a party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may at any time within five years after the date of the judgment or order have the same opened and be let in to defend," relief may be granted after the expiration of the five-year period, where notice was given and a sufficient showing made within the statutory time.

3. ———: ———: AMENDMENT OF AFFIDAVIT. In an application for relief under section 82 of the code, providing for the opening of a judgment within five years, the authentication of the affidavit in support of the application may be amended after the five-year period has expired, where the showing in other respects meets the statutory requirements and notice of the application was given within the time limited.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Reversed with directions.*

*S. L. Geisthardt* and *John W. Graham,* for appellants.

*Frank Dolezal* and *Smyth, Smith & Schall, contra.*

ROSE, J.

This is an application by Wilhelm von Gahlen, Wilhelm Grunewald and Heinrich Steinacker for relief under section 82 of the code, which provides: "A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may at any time within five years after the date of the judgment or order have the same opened and be let in to defend." The application was denied, and the applicants named have appealed.

The decree which applicants seek to open was rendered June 27, 1904, in a suit wherein Philip S. Rine is plaintiff. In Dodge county he owned a tract of land incumbered by mortgages aggregating $6,000. Carl Hembeck was mortgagee, but died before the debt was paid or the present suit instituted. According to the petition plaintiff sought to determine judicially the ownership of the mortgages, to make payment of the amount due thereon, and to discharge the liens on his land. The defendants were John A. Rine, administrator of the estate of Carl Hembeck, deceased, Laura Rine, Louise Steinacker, William von Gahlen, William Grunewald and the unknown heirs of Carl Hembeck, deceased. A summons was personally served on the administrator and Laura Rine, but there was no service on the other defendants except by publication in a newspaper.

In his petition plaintiff alleged: Defendants Steinacker, von Gahlen and Grunewald are respectively niece and nephews of Hembeck and are legatees under his will. Hembeck died without issue and without leaving surviving him a wife. Defendant Laura Rine is a niece of the de-

ceased wife of Hembeck. They adopted and raised her as
their daughter, and she asserts that she cared for them
under an agreement that after the death of both the bal-
ance due on the mortgages should belong to her. In mak-
ing a testamentary disposition of his property Hembeck
omitted to change his will to conform to the agreement
described, and John A. Rine as administrator claims the
mortgage securities. The legatees and heirs of Hembeck
are interested in the mortgages. Plaintiff prayed that
defendants be required to interplead and establish their
respective interests, that he be permitted to pay the debt
to the parties entitled thereto, and that the liens on his
land be discharged. By answer the administrator ad-
mitted that he claimed the mortgages, but otherwise de-
nied the allegations of the petition. Laura Rine answered
that she entered into and performed the contract men-
tioned in the petition and that she was owner of the
mortgages. The other defendants made default. June
27, 1904, the trial court decreed that Laura Rine was the
owner of the mortgages and granted plaintiff the relief
prayed by him.

June 24, 1909, defendants von Gahlen, Grunewald and
Heinrich Steinacker, the latter claiming to be the sole
surviving heir of defendant Louise Steinacker, who died
April 22, 1899, filed a motion to vacate the decree on the
ground that they had no knowledge or notice of the action
or opportunity to make a defense, that no service was had
upon them except by publication in a newspaper, and
that five years had not elapsed since the entry of the de-
cree. Notice of this motion was served on plaintiff and
Laura Rine June 24, 1909, and on John A. Rine the next
day. The notice was accompanied by affidavits of the
applicants that they had no knowledge of the pendency
of the suit until July 14, 1908, and that they had no
opportunity to make a defense. With their motion the
applicants filed an answer admitting their relationship
to Carl Hembeck, deceased, but denying the allegations
on which Laura Rine's claim of ownership of the mort-

gages is based, and alleging that John A. Rine had entered into a fraudulent and collusive conspiracy with her and the plaintiff to avoid the payment of the mortgages. It is further alleged in the answer that plaintiff, Philip S. Rine, is the husband of defendant Laura Rine and that they are the parents of defendant John A. Rine; that the Rines, for the purpose of defrauding the applicants out of the estate to which they are entitled under the duly probated will of Carl Hembeck, deceased, entered into a fraudulent agreement and conspiracy to have John A. Rine appointed administrator and to have Philip S. Rine bring the suit at bar for the purpose of divesting the applicants of their interests in the mortgages; that the pendency of the action was concealed from applicants for the same purpose; that under the will each of the applicants is entitled to $750 and interest, and that applicant von Gahlen is entitled to the residuary estate. There is a prayer for a dismissal of the action and for a denial of the relief demanded by defendant Laura Rine. As already stated, the hearing on the application to open the original decree resulted in a judgment denying relief to the applicants.

1. On appeal applicants argue that they complied with the statute, that the decree should have been opened, that they should have been allowed to make their defense, and that the refusal of the trial court to grant them relief was error. The first proposition argued by the Rines to sustain the action of the trial court is that applicants have no such interest in the decree of June 27, 1904, as entitles them to have it vacated. In this connection the following principle is invoked: "A party against whom a judgment or decree has been rendered, upon service by publication, must show that he has an interest in the subject of the action and that he is entitled to be heard in a defense thereto, before he can be entitled to have the decree or judgment set aside under the provisions of section 82 of the civil code." *Powell v. McDowell*, 16 Neb. 424. The doctrines relied upon to prevent a reversal are: An ex-

ecutor or administrator represents the persons to whom the personalty of decedent devolves, and in the execution of his trust his acts, in the absence of fraud or collusion, bind them. In his representative capacity he has a right to the possession and control of the personal property of the estate in course of administration, without interference from the legatees or next of kin, and during that time, in actions affecting such property, he is the proper party to prosecute or defend. 2 Woerner, American Law of Administration (2d ed.) secs. 322-324. These rules are of universal application. Cases cited in note in *Buchanan v. Buchanan*, 22 L. R. A. n. s. 454 (75 N. J. Eq. 274). The rules stated were established because they are necessary to the proper performance of the duties of executors and administrators and because they are essential to the protection and preservation of the estates of deceased persons and to the enforcement of the rights of heirs and legatees. There is, however, a recognized exception to such rules. They cannot be successfully invoked in litigation to protect a deceased person's legal representative in the betrayal of his trust, in corrupt or fraudulent conduct, in the spoilation of an estate, or in the wrongful and fraudulent refusal to prosecute or defend suits. Nor can litigants who fraudulently collude with an executor or administrator for such unlawful and dishonest purposes gain an illegal advantage or preserve the fruits of their wrongdoing by invoking the principle that such a representative alone can act in litigation for the persons to whom personalty of the decedent devolves. The exception to the general rules permits an heir or legatee to appear in a suit to protect his own rights, where there is collusion between parties asserting adverse interests and the legal representative of decedent. Cases recognizing the exception are cited in the note to which reference has been made. *Buchanan v. Buchanan*, 22 L. R. A. n. s. 454 (75 N. J. Eq. 274). In a petition alleging that two of the applicants are interested in the mortgages in controversy, plaintiff made them defendants, and by their

answer they have all brought themselves within the exception mentioned. They are clearly parties within the meaning of section 82 of the code, and as such are entitled to make a defense under the circumstances disclosed by their motion, affidavits and answer.

2. Another point urged to justify the trial court in refusing to open the judgment is that relief under section 82 of the code must be granted within five years from the rendition of the judgment. Not having presented their application to the trial court for determination until after the statutory period expired, and no relief having been granted to applicants within that time, it is argued that it was too late to open the judgment.

The statute provides: "A party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may at any time within five years after the date of the judgment or order have the same opened and be let in to defend; before the judgment or order shall be opened, the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court, by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense." This is clearly a remedial statute within rules formerly announced by this court and should be liberally construed with a view to suppressing the mischief at which the legislation is directed and to advancing the remedy. *Buckmaster v. McElroy*, 20 Neb. 557. The code itself requires a liberal construction of the language quoted. Code, sec. 1. Construing section 82 of the code, this court in *Savage v. Aiken*, 14 Neb. 315, said: "The right to relief by a party who has not been actually before the court, nor had actual notice of the proceeding against him, is earned by his appearing and claiming it, and doing the things required of him by the statute, within the time therein limited, and the power of the court to grant the

relief continues until it is exercised." Where notice has been given and a sufficient showing made within five years, the court may grant relief afterward. *Merriam v. Gordon*, 17 Neb. 325; *Nornborg v. Larson*, 69 Minn. 344.

3. It is further contended that the affidavits were not sufficient to make it appear to the satisfaction of the trial court that during the pendency of the action applicants had no notice; that when originally filed the affidavits were not sufficiently authenticated; that on November 6, 1909, after the time for making a showing had expired, applicants asked leave to withdraw their affidavits and to amend them by adding thereto the certificate of George Eagem Eager, Consul of United States at Barmen; that such leave was granted over the objections of the Rines; and that for these reasons the refusal of the trial court to open the judgment was correct. The position thus taken is also untenable. Within five years applicants made their motion, gave proper notice and filed their answer and affidavits. The affidavit of each contained the statements required by statute. These statements remain unchanged. The objection to the affidavits is not that any material statement is wanting, but that the evidence of affiants' having sworn to the statements before a proper officer is insufficient. In this connection it is asserted that the notary's seal does not disclose the impression required by law. The record makes it clear that the trial court, notwithstanding the objections, permitted applicants to withdraw the affidavits and to amend them in the manner stated, and that after they had been amended they were received in evidence. The original affidavits as amended are not in the bill of exceptions, and the copies do not show any infirmity in regard to the seal of the notary or in any other respect. If the amendments were properly allowed, there is nothing to show that they should not be considered in support of the application to open the decree. Were the affidavits amendable? Section 1 of the code declares that "all proceedings under it shall be liberally construed with a view to promote its object

and assist the parties in obtaining justice." Section 144 provides that "whenever any proceeding taken by a party fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment." In *Knox County Bank v. Doty*, 9 Ohio St. 505, it is said: "A motion to vacate a judgment for irregularity is a 'proceeding' authorized by the code, and, as such, is amendable." This rule is the same under the code of this state. When the motion of applicants was submitted to the trial court, they were entitled to relief under section 82 of the code. The refusal of the trial court to grant it cannot be justified on any ground presented on this appeal.

The judgment is therefore reversed and the cause remanded to the district court, with directions to open the original decree and to allow applicants to make their defense.

REVERSED.