FRED E. ENO, APPELLANT, v. JOHN LAMPSHIRE, APPELLEE.

FILED MARCH 28, 1922.   No. 22055.

1. **Appeal:** OBJECTION: WAIVER. "In the absence of a record showing that an objection was made in the court of original jurisdiction, a waiver of the defect will be presumed in the appellate court." *In re Estate of Graff*, 86 Neb. 535.

2. **Judgment by Default:** APPLICATION TO VACATE. Record examined, and *held* that defendant's amended application is sufficient under section 7646, Rev. St. 1913, to vacate judgment rendered against him by default.

APPEAL from the district court for Thomas county: EDWARD P. CLEMENTS, JUDGE. *Affirmed.*

*Orville L. Jones,* for appellant.

*Farrish A. Reisner, contra.*

. Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., DICKSON and STAUFFER, District Judges.

STAUFFER, District Judge.

Appeal from order vacating judgment rendered against defendant by default.

Plaintiff brought an action June 16, 1920, against defendant in the district court for Thomas county. Service was had by publication on defendant as a nonresident. Defendant's land was attached and sold to satisfy a judgment of $212.85. The judgment was vacated at the January 19, 1921, term of court, and defendant was permitted to answer on payment of costs. Plaintiff appeals.

Plaintiff challenges defendant's answer as not being full and meritorious because not properly verified. The court below required the defendant to verify the answer which had been verified by his attorney. The verification is attacked because it was signed and sworn to by a Saline county notary, while reciting venue as laid in Thomas county. The affidavit reciting that defendant had no knowledge or notice of the pendency of the action before judgment is attacked for the same reason. Plaintiff made no objection to this below, and hence has waived the objection.

"In the absence of a record showing that an objection was made in the court of original jurisdiction, a waiver of defect will be presumed in the appellate court." *In re Estate of Graff*, 86 Neb. 535.

Had objection been made, defendant could have amended. *Rine v. Rine*, 91 Neb. 248.

Plaintiff also challenges defendant's answer, for the reason that it does not state facts sufficient to constitute a meritorious and *prima facie* defense. It denies "each and every allegation set up in plaintiff's petition." Plaintiff insists that this is not a full and meritorious answer, as a general denial ought to deny "each and every *material* allegation in the petition." Maxwell, Code Pleading, p. 388, states: "The defendant should be required, on motion, to make his denial specific. A general denial may be

substantially in the following form: 'The defendant, in answer to the petition of the plaintiff, denies each and every allegation therein contained.' " *Lewis v. Coulter*, 10 Ohio St. 451. The objection is supercritical, a mere technicality, which was not objected to below, and appellant has waived his rights thereon.

Defendant's amended application is sufficient under section 7646, Rev. St. 1913, to vacate the judgment rendered against him by default. The defendant has entitled his pleading: "Amended Petition—Answer—Motion." The pleading is not a model as regards either form or contents. But it does constitute a meritorious answer to the petition. The defendant also made it appear to the trial court, "by affidavit, that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense."

It is to be expressly noted that the question as to the right of the plaintiff to appeal from an order vacating a judgment obtained by default is not here decided. Such question was not raised in the instant case.

The pleading constituted a full and meritorious answer to the petition. The court below did not err in vacating the judgment.

AFFIRMED.