**UNITED STATES v. SWANSON et al.**
**Civ. No. 70–47.**

District Court, D. Nebraska,
Omaha Division.
Dec. 12, 1947.

Joseph T. Votava, U. S. Atty., of Omaha, Neb., for plaintiff.

120

John C. Mullen, of Omaha, Neb., for Western Surety Co.

H. H. Halderson, of Newman Grove, Neb., for Clarence Swanson.

DONOHOE, District Judge.

Now on this 23d day of December, 1947, this cause came on for judgment, the case having been heretofore submitted upon the pleadings, a stipulation of facts, and documentary evidence made a part of the record upon the court's own motion. Briefs having been submitted by counsel and considered by the court, and the court having filed a memorandum opinion, including findings of fact and conclusions of law, the court now finds that there is due and owing to the United States of America, on the cause of action involved herein, the sum of $1,125.72, and that said moneys are due and owing from the estate of John Edvick Swanson, deceased, and from Clarence Swanson, as administrator of said estate.

It Is Therefore Ordered, Adjudged and Decreed, by the court, that the United States of America have and recover judgment against Clarence Swanson, administrator of the estate of John Edvick Swanson, deceased, in the sum of $1,125.72, together with interest at the rate of 5½% per annum from this date until paid, and costs of this action, which Clarence Swanson, as administrator, is obligated to pay to the United States of America in satisfaction of this judgment under penalty of a personal judgment against him and his surety.

It Is Further Ordered, Adjudged and Decreed, by the court, that unless said judgment is paid by the said administrator within 30 days from the entry hereof, that then and in that event the plaintiff have, and there is hereby awarded the plaintiff, a judgment against Clarence Swanson, individually, and against the Western Surety Company, a corporation, surety for Clarence Swanson, administrator, in the sum of $1,125.72, together with interest at the rate of 5½% per annum from date hereof, and the costs of this action. In the latter contingency, the plaintiff is granted a writ of execution against Clarence Swanson, and if such writ of execution is returned unsatisfied then, and in that event only, writ of execution shall issue against the surety.

Memorandum.

The United States of America has brought this action against Clarence Swanson, individually and as administrator of the estate of John Edvick Swanson, deceased, and Western Surety Company, a corporation, (the surety on the bond of Clarence Swanson as administrator) on a claim for money loaned by the Government, through the Secretary of Agriculture and the Governor of the Farm Credit Administration, to John Edvick Swanson during his lifetime, and evidenced by certain notes executed by him. The complaint prays for judgment against the defendants and each of them for the amount of the indebtedness with interest to date of payment and costs; for an injunction against the defendant Swanson prohibiting him from distributing any funds still in his hands before payment of the indebtedness; and that if the estate has been fully probated and funds thereof, which should be applicable to payment of the loans, have been distributed and disbursed by the administrator that the Government also have a judgment individually against the defendant Swanson and against his surety in the full amount of the Government's claim, with interest and costs.

The case has been submitted for decision upon the complaint and answer and a stipulation of facts.

From the admissions and agreements made in the pleadings and stipulation, the court makes the following special

Findings of Fact.

1. During the lifetime of John Edvick Swanson, the Government loaned to him, through the Secretary of Agriculture, the principal sum of $225, evidenced by his note dated April 2, 1932. No part of this loan has been paid except the sum of $46.-19 paid on May 31, 1934, and the sum of $2.87 paid on September 3, 1935. The remainder of this note with interest at the rate of 5½% per annum accounting from November 30, 1932, is still due and owing. The Government also made to John Edvick Swanson during his lifetime the following further loans to wit: September

28, 1934, $100; October 28, 1934, $100; October 31, 1934, $70; December 20, 1934, $70; January 23, 1935, $70; February 28, 1935, $77; April 4, 1935, $89; and May 10, 1935, $25; all of which loans are evidenced by notes of John Edvick Swanson dated August 25, 1934, September 25, 1934, October 27, 1934, December 13, 1934, January 16, 1935, February 21, 1935, March 30, 1935 and May 4, 1935. No part of the aforesaid loans has been paid except that on July 2, 1945, the sum of $200 was paid on this indebtedness. The remainder of these loans, together with interest at the rate of 5½% per annum, accounting from the date of each loan advance until paid, is still due and owing.

2. John Edvick Swanson, a resident of Boone County, Nebraska, died on September 6, 1945. Proceedings for the administration of his estate are now pending before the County Court of Boone County, Nebraska, and the defendant Clarence Swanson is the qualified and acting administrator. The defendant Western Surety Company is surety on the bond of the defendant Swanson, as administrator.

3. Upon the qualification of Clarence Swanson as administrator, an order was entered by the County Court of Boone County, Nebraska, fixing the 13th day of April, 1946, as the last day for the filing of claims against the decedent's estate. A Notice to Creditors was duly published. On April 15, 1946, an order barring the filing of further claims against the estate was entered.

4. The Government did not file a claim against the decedent's estate on or before April 13, 1946, or before entry of the order barring the filing of further claims. Nor has the Government made application to the County Court of Boone County for leave to file a claim after claim day, namely April 13, 1946, or produced any showing or evidence of such application. However, on or about May 27, 1947, the Government, through the United States Attorney, forwarded to the County Judge of Boone County a letter enclosing a document designated "Notice of Indebtedness and Demand for Payment", describing the decedent's indebtedness to the Government and requesting that the Notice and De-

mand be filed in connection with the decedent's estate. This letter and enclosure were duly received by the County Judge. On the same day, the Government, through the United States Attorney, forwarded similar letters and enclosures to the defendant Swanson and his attorney. These letters were also duly received.

5. On June 6, 1947, the defendant Swanson filed in the administration proceeding his Final Report as Administrator and his Petition for Settlement of Final Account. The Final Report and Petition made no reference to the claim of the Government. A Notice of Hearing on the Final Report and Petition was duly published.

6. On June 28, 1947, the County Court of Boone County, ignoring the Government's claim, entered an Order Approving the Administrator's Final Report and finding that the decedent left no surviving widow, and that his heirs at law were certain sons and daughters and one granddaughter. All of the minor heirs are over the age of 14 years. The County Court found further in this Order that the decedent was not the owner of any real estate at the time of his death, and that there remained in the administrator's hands for distribution the sum of $1,570.35, and no other personal property. This sum is still in the hands of the defendant Swanson for distribution.

7. The Government, for a period exceeding 10 years during the decedent's lifetime, made no attempt to collect payment of the indebtedness now involved.

8. The Government admits that the defendant Swanson individually did not obtain any loan from the Government and is not indebted to it except as he may be obligated as being the same person as the administrator, or as he might become obligated if the administrator distributes the estate to him and he becomes a transferee of a part of the estate.

### Opinion.

This is an ordinary and relatively simple action by the Government to establish, and recover on, a claim against a decedent's estate for money loaned to the decedent during the latter's lifetime. Ju-

risdiction is expressly granted by the provisions of Section 41(1) of Title 28 of the United States Code Annotated conferring upon district courts original jurisdiction "Of all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue * * *." It is immaterial that the amount in controversy is less than $3,000, the action being one brought by the United States. United States v. Sayward, 160 U.S. 493, 16 S.Ct. 371, 40 L.Ed. 508; 1 Cyc. of Fed. Proc., 2d Ed., Sec. 137 at pp. 333 and 334.

In his answer the defendant Swanson challenges this court's jurisdiction on the ground that the County Court of Boone County has exclusive jurisdiction over all matters involved. It is alleged that the County Court acquired jurisdiction over the decedent's estate prior to the commencement of the instant action, and that the County Court has sole and exclusive jurisdiction to control the fund now in the hands of the defendant Swanson as administrator, such fund being in custodia legis, and to order distribution thereof to the decedent's heirs at law.

The contentions founded upon these allegations are not meritorious in the light of the object and purpose of the Government's action.

▆▆ Matters of a purely probate character are not within the jurisdiction of federal courts. Farrell v. O'Brien, 199 U.S. 89, 110, 25 S.Ct. 727, 50 L.Ed. 101; Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664; O'Connor v. Slaker, 8 Cir., 22 F.2d 147; In re McDonald's Estate, D.C.Minn., 42 F.2d 266. However, the instant case is within the rule of Markham v. Allen, 326 U.S. 490 at page 494, 66 S.Ct. 296 at page 298, 90 L.Ed. 256, where it was said:

"But it has been established by a long series of decisions of this Court that federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court. Waterman v. Canal-Louisiana Bank Co., 215 U.S. 33, 43, 30 S.Ct. 10, 12, 54 L.Ed. 80, and cases cited. See Sutton v. English, supra, 246 U.S. 205, 38 S.Ct. 256, 62 L.Ed. 664; United States v. Bank of New York Co., 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 619, 56 S.Ct. 600, 602, 80 L.Ed. 920; United States v. Klein, 303 U.S. 276, 58 S.Ct. 536, 82 L.Ed. 840; Princess Lida v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285.

"Similarly while a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, Penn. Co. v. Pennsylvania, 294 U.S. 189, 195, 196, 55 S.Ct. 386, 388, 389, 79 L.Ed. 850, and cases cited; United States v. Bank of New York & Trust Co., supra, 296 U.S. 477, 478, 56 S.Ct. 347, 348, 80 L.Ed. 331, and cases cited, it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court. Commonwealth Trust Co. v. Bradford, supra, 297 U.S. 619, 56 S.Ct. 602, 80 L.Ed. 920; United States v. Klein, supra, 303 U.S. 281, 58 S.Ct. 538, 82 L.Ed. 840, and cases cited."

▆▆ This jurisdiction of federal courts to entertain suits by creditors, legatees and heirs to establish their claims against decedents' estates, provided of course that proper grounds for the exercise of federal jurisdiction are present, is not affected by the fact that the estate may be in some stage of administration by a state probate court. Markham v. Allen, supra; Harrison v. Moncravie, 8 Cir., 264 F. 776. In the latter case, Judge Sanborn said at page 779: "This jurisdiction of the federal courts, it is true, does not include the power to draw to them administration of estates as such, or to take from the proper officials of the probate court, during their administration of the estates in due course, the possession of the property necessary for that administration. But it confers the power and imposes the duty upon

the federal courts sitting in equity to hear, determine, adjudge, and to enforce their adjudications of the claims of the citizens of other states, who invoke their jurisdiction by proper suits to interests as heirs, legatees, distributees, or creditors in estates in possession of officers of probate courts of states other than those of the residence of the claimants engaged in the administration thereof, although such officers may have obtained their possession before such suits were commenced in the federal courts."

And federal jurisdiction is not impaired by the fact that under local state law state probate courts are given exclusive jurisdiction over all matters concerning the settlement of decedents' estates. Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260. See also Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33 at pages 43 and 44, 30 S.Ct. 10 at page 12, 54 L.Ed. 80, where the Supreme Court said:

"The rule stated in many cases in this court affirms the jurisdiction of the Federal courts to give relief of the nature stated, notwithstanding the statutes of the state undertake to give to state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executors and administrators in the distribution of estates. This rule is subject to certain qualifications, which we may now notice. The courts of the United States, while they may exercise the jurisdiction, and may make decrees binding upon the parties, cannot seize and control the property which is in the possession of the state court. In Byers v. McAuley, supra [149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867], the rule was thus tersely stated by Mr. Justice Brewer, delivering the opinion of the court:

" 'A citizen of another state may establish a debt against the estate. Yonley v. Lavender, 21 Wall. 276, 22 L.Ed. 536; Hess v. Reynolds, 113 U.S. 73, 5 S.Ct. 377, 28 L.Ed. 927. But the debt thus established must take its place and share of the estate as administered by the probate court; and it cannot be enforced by process directly against the property of the decedent. Yonley v. Lavender, supra. In like manner a distributee, citizen of an-

other state, may establish his right to a share in the estate, and enforce such adjudication against the administrator personly, or his sureties (Payne v. Hook, 7 Wall. 425, 19 L.Ed. 260) ; or against any other parties subject to liability (Borer v. Chapman, 119 U.S. 587, 7 S.Ct. 342, 30 L.Ed. 532) or in other way which does not disturb the possession of the property by the state court. (See the many cases heretofore cited)' "

We recognize that where property is in the actual possession of a court of competent jurisdiction, such possession may not be disturbed by process out of another court; further, that an administrator appointed by a state court is an officer of that court, and that his possession of the decedent's property is a possession taken in obedience to orders of that court, is a possession of the court and a possession which may not be disturbed by any other court. See Byers v. McAuley, 149 U.S. 608 at pages 614, 615, 13 S.Ct. 906 at page 908, 37 L.Ed. 867. However, with due regard for the local rule that a proceeding in a Nebraska Probate Court for the settlement of a decedent's estate is a proceeding in rem, Nilson v. Tekamah Investment Co., 133 Neb. 180, 274 N.W. 465; In re Marsh's Estate, 145 Neb. 559, 17 N. W.2d 471, we do not here encounter the rules regarding conflicting claims to jurisdiction in actions in rem. The judgment sought is in personam for the recovery of money and an injunction restraining certain action by the defendant Swanson.

Byers v. McAuley, supra, upon which the defendant Swanson now places special reliance, is readily distinguishable from a factual standpoint. An examination of that opinion reveals that the Circuit Court there attempted to assume full control over the administration of a decedent's estate.

That the Government, for more than 10 years prior to the decedent's death, neglected to take steps for the collection of the indebtedness does not now bar relief. Nullum tempus occurrit regi. Specifically, it has been held in this Circuit that the United States, in making loans to farmers through the Secretary of Agriculture pursuant to a Joint Resolution of Congress appropriating funds for

the relief of farmers in drought and storm stricken areas, acts in a purely sovereign capacity and is not barred from recovering on notes given for such loans by state statutes of limitation or by laches. Person v. United States, 8 Cir., 112 F.2d 1,. certiorari denied 311 U.S. 672, 61 S.Ct. 35, 85 L.Ed. 432. See also United States v. Thomas, 5 Cir., 107 F.2d 765.

The defendant urges that the Government failed to file in the *County Court* of Boone County a claim against the debtor's estate within the time allowed for the filing of claims, and also failed to make application to that court for leave to file a belated claim. With the exception of possible implications from Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, counsel for the defendant cites no authority to support the contention that the Government is now barred from relief by its failure to timely file a claim in the County Court, or make application for leave to file a belated claim. And this contention is not sound, especially under the circumstances of this case.

By statutory law of Nebraska "Any creditor who has failed to present his claim within the time allowed, may, *within three months after the expiration of such time,* apply to the court for additional time for the filing and determination of his claim, and the court may, for good cause shown, allow such further time not exceeding three months, but notice of the time and place for the hearing on claims thus filed within the additional time shall be given to all parties interested as prescribed in section 30-601." (Emphasis added.) R.S.Neb.1943, § 30-605.

Under the above statute, "To give the county court jurisdiction to make an order extending the time for filing claims, the application for such order must have been made within three months after the expiration of the time previously allowed, and then only for good cause shown." In re Estate of Hoferer, 116 Neb. 254 at pages 259, 260, 216 N.W. 826, at page 828.

But this statute, while it may be an appropriate restraint upon the jurisdiction of the County Court with respect to belated claims, may not be so construed as to invalidate the claim of the Government on the ground that it was not filed within the time allowed for the filing of claims. Failure of the United States to file a claim against the estate of a debtor, since deceased, within the time allowed by a state statute governing the time for filing claims does not deprive the United States of the right to enforce its claim against the administrator, even though the probate court is to be regarded as having no jurisdiction to receive a claim after expiration of the specified period. United States v.. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283; United States v. Anderson,. D.C.Minn., 66 F.Supp. 870.

Directing attention to the facts as stipulated in this case, it is observed that the final date fixed by the County Court for the filing of claims against the decedent's. estate was April 13, 1946. On May 27, 1947, some eight or nine days before the administrator filed his Final Report and Petition for Settlement of Final Account, the Government, through the United States. Attorney, forwarded to the administrator, his attorney, and the county judge of Boone County, letters enclosing notice of the decedent's indebtedness to the United States and demand for payment thereof. The letter to the county judge requested him to file the Notice and Demand in connection with the decedent's estate. These letters were duly received. In these circumstances, the cases of United States v. Summerlin and United States v. Anderson,. both supra, seem particularly applicable. Furthermore, it should be noted that we are now dealing with a claim founded upon contracts to which the United States is. a party and which are rooted in federal law. Cf. Girard Trust Co. v. United States, 3 Cir., 161 F.2d 159, holding that rights of parties under a lease executed by the United States were governed by federal law.

It is alleged in the answer, and argued by the defendant, that the decedent's heirs. are necessary parties to this action.

In the Order approving the Final Report of Clarence Swanson, as administrator, the County Court found that the decedent died intestate and that he was not the owner of any real estate at the time of his

death. This finding has not been challenged here.

As a general rule, title to the personal property of an intestate decedent is in the administrator until charges against the estate have been paid or until sufficient amount of the estate has been set aside to meet the charges. See Cox v. Yeazel, 49 Neb. 343, 68 N.W. 483; Mead Co. v. Doerfler, 146 Neb. 21, 18 N. W.2d 524, 158 A.L.R. 724. In his representative capacity, an administrator has the right to possession and control of personal property of the estate in the course of administration and, during that time, in actions affecting such property he is the proper party to prosecute or defend. Rine v. Rine, 91 Neb. 248, 135 N.W. 1051. Consideration need not be given to recognized exceptions to this rule established in cases where the administrator acts fraudulently or wrongfully refuses to prosecute or defend suits, since there is no claim of that nature here. Nor is there any showing of conflicting interests between the defendant Swanson and the remaining heirs.

We conclude that in this action the heirs are sufficiently protected and represented by the defendant administrator and that the case comes within the general rule that in suits by a decedent's creditors to enforce their claims, the personal representative is the only necessary and proper party defendant. 34 C.J.S., "Executors and Administrators", Sec. 740b.

A judgment for the Government will not be denied on the theory, advanced by the defendant, that such judgment would have the effect of making the defendant individually liable for the debts of another. It appears that the defendant Swanson, as administrator, has on hand sufficient funds to pay the Government's claim with interest and costs, and it is the court's order that this defendant, as administrator, shall pay these items; personal liability of the defendant to be contingent upon payment thereof. See 31 U.S.C.A. §§ 191, 192.

Certain variances between allegations of the complaint and matters shown by the annexed photostatic copies of the decedent's notes have been observed by the court. The variances are minor and relate to such matters as dates, the amount of one loan, and rate of interest. In view of these circumstances, the court has on its own motion called for production of the original notes and directed the official court reporter to mark these instruments as exhibits 1 to 9 inclusive; the same to be made a part of the record in this cause. Findings of Fact have been made accordingly.

Conclusions of Law.

1. The court has jurisdiction of this action.

2. The United States is entitled to judgment against the defendant, as administrator, in the amount of its claim, together with interest and costs; personal liability of the defendant to be contingent upon payment.

Counsel for the United States will prepare an appropriate form of judgment and submit it to the defendant's counsel for approval as to form. In the event of disagreement, the matter shall be submitted to the court for settlement.