Warren WILLIAMS and Mary
Williams, Plaintiffs,

v.

HAWKEYE–SECURITY INSURANCE
COMPANY, Defendant.

Civ. No. 76–0–372.

United States District Court,
D. Nebraska.

March 16, 1977.

Don J. Sixta, and Reed E. Clark, Sixta &
Clark, P. C., Fremont, Pa., for plaintiffs.

Harry L. Welch, of Gross, Welch, Vinardi,
Kauffman & Day, Omaha, Neb., for defendant.

## MEMORANDUM

ROBINSON, Senior District Judge.

This matter came on for hearing upon the
defendant's motion for summary judgment.
At the hearing on February 25, 1977, the
Court orally advised counsel for the plaintiffs that unless he could show within fifteen (15) days thereof why the defendant's
motion should not be granted, the Court
would enter summary judgment for the defendant.

The plaintiffs are citizens of Minnesota
who suffered injuries on January 6, 1973
when their automobile collided with a vehicle driven by Mr. John A. Sok in Burt
County, Nebraska. The defendant is an
insurance company incorporated under the
laws of the state of Iowa and having its
principal place of business in that state.
The defendant admits that the collision occurred and that it had issued a policy of
liability insurance covering Mr. Sok's automobile, which was in force in January, 1973.

Mr. Sok died shortly after the accident,
and proceedings to probate his estate began
in February, 1973. The plaintiffs did not
obtain a judgment against Mr. Sok or his
administrator or executor for injuries suffered in the 1973 accident; nor did they

present a claim against the estate. On September 29, 1976, the plaintiffs instituted this action directly against the defendant, Mr. Sok's former liability insurer.

The defendant's motion for summary judgment raises two issues. First, the defendant claims that this action is barred by the statute of limitations for the presentation of claims against estates, Neb.Rev.Stat. §§ 30–601 to 30–611 (Reissue 1964),[1] and is not governed by the four year period of Neb.Rev.Stat. § 25–207 (Reissue 1975) for the filing of tort actions. In addition, the defendant emphasizes that Nebraska law does not permit direct actions against liability insurers in the circumstances of this case.

## STATUTE OF LIMITATIONS

■ The defendant contends that the Associate County Judge of Burt County, Nebraska, issued an order requiring any and all claims against Mr. Sok's estate to be filed by June 25, 1973. The estate was then closed on or about July 2, 1973.

Neb.Rev.Stat. § 30–603 (Reissue 1964) allowed a county court to set deadlines for the presentation of claims against decedents' estates. Section 30–604 permitted the county court to extend the time for presentation of claims, but the total period could not exceed two years. Section 30–605 contemplated an extension of time for the filing of belated claims upon an application made within three months of the original deadline and upon good cause shown. Such additional time could not exceed three months. Section 30–609 provided in part:

> Every person having a claim or demand against the estate of a deceased person who shall not after the giving of notice as required in Section 30–601 exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever.

Thus the defendant argues that the plaintiffs had a maximum period of two years and three months from February, 1973 to file a claim against Mr. Sok's estate if they had made the appropriate applications. If the defendant is correct, the claim was barred by September 29, 1976 when the plaintiffs filed their complaint in this court.

The Nebraska Supreme Court has ruled that while a personal injury claim against a decedent for negligence during his lifetime survives his death, such claim must be presented in the county court against his estate and may not be prosecuted against the decedent's representative in the state district courts. *Rehn v. Bingaman*, 151 Neb. 196, 36 N.W.2d 856 (1949). Moreover, even a non-resident who has no actual notice or knowledge of the deadline for filing claims against a deceased tortfeasor's estate is bound by the deadline and may not assert his claim within the longer period of the statute of limitations for torts. *Supp v. Allard (In re McCleery's Estate)*, 162 Neb. 563, 76 N.W.2d 459 (1956). Thus, if the plaintiffs had filed their complaint in a court of the state, this action would have been barred as untimely. *See also Wolder v. Rahm*, 549 F.2d 543 (8th Cir. 1977).

An anomaly with regard to the question of timeliness results when suit is brought in federal district court. In *United States v. Swanson*, 75 F.Supp. 118 (D.Neb.1947), the United States government failed to file its claim in the county court against a deceased debtor's estate within the time allowed for the filing of claims and made no application for leave to file a belated claim. *Id.* at 124. Judge Donohoe of this district ruled that the government was not foreclosed from suing the decedent's representative in federal court even after expiration of the deadline for proceedings in probate. Sections 30–601 to 30–609 were construed as jurisdictional limitations only on the state courts. The district courts of the state have no jurisdiction to entertain tort claims directly against a personal representative for acts by the decedent within his lifetime, and the county courts may not receive

---

1. These sections have since been repealed as of January 1, 1977, and superceded by the Nebraska Probate Code which became effective on that date.

claims after expiration of the periods established during probate for this purpose. However, such limitations on the jurisdiction of the state courts do not nullify the rights involved nor restrict the jurisdiction of the federal courts to entertain such claims when diversity of citizenship is present.

> [F]ederal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.
>
> \* \* \* \* \* \*
>
> This jurisdiction of federal courts to entertain suits by creditors, legatees and heirs to establish their claims against decedents' estates, provided of course that proper grounds for the exercise of federal jurisdiction are present, is not affected by the fact that the estate may be in some stage of administration by a state probate court. *Id.* at 122. [Citations omitted].

*Accord, Falcon Seaboard Drilling Co. v. Cluck,* Civ.Action No. 434 (D.Neb. July 13, 1954) (unreported) in which Judge Delehant of this district stated, in accord with *United States v. Swanson, supra,*

> [b]ut it does not follow from the state's denial to its own courts of general jurisdiction of original jurisdiction over a claim against a deceased person's estate by suit against his personal representative, that this court's jurisdiction over a similar suit must fail. The state allows the presentation of such claims and provides for their original submission exclusively through its county courts as courts of probate. It has not nullified the right; it has merely restricted the state forum within which it may be vindicated in its own judicial system. The state is powerless to impair or deny a grant by Congress of jurisdiction to the inferior courts of the United States. [Emphasis added] *Id.* at 3.

In addition, in *Brooks v. Nat. Bank of Topeka,* 251 F.2d 37 (8th Cir. 1958), the Court of Appeals for the Eighth Circuit ruled that an executor of the estate of a Kansas resident could be sued in Missouri under the Missouri long-arm statute within the Missouri statute of limitations for such tort actions, although the Kansas limitations period for the filing of claims against the tort-feasor's estate had passed. The Kansas non-claims statute barring claims against an estate after nine months from the first published notice to creditors could have no extraterritorial effect. *Id.* at 43.

These cases stand for the proposition that the personal representative of a decedent may be sued in federal court within the longer statute of limitations for tort actions, assuming that diversity of citizenship between the plaintiff and the representative is present. Had the plaintiffs instituted suit on September 29, 1976 against Mr. Sok's personal representative, they would have avoided the bar of the statute of limitations for claims against a decedent's estate.

The four year period of the statute of limitations for tort actions has expired since this action was originally filed. However, in response to the defendant's motion for summary judgment, the plaintiffs have submitted a motion to amend the complaint to join the executors of the estate of John A. Sok as party defendants to this action. Henry A. Sok and Stephen F. Sok, as co-executors, have entered a voluntary appearance and have waived any and all defenses based on the statute of limitations. The Court will grant the plaintiff's motion, as diversity of citizenship is alleged and as the defense of the statute of limitations may be waived.

### DIRECT ACTION

■ The cases cited above, however, do not suggest that suit against a decedent's representative may be conducted concurrently with or in the same action as a direct proceeding against the decedent's liability carrier. Whether the plaintiffs may institute an action directly against the defend-

ant must be decided with reference to Nebraska law. "The question of whether or not a direct action against an insurer is permitted is sufficiently determinative of the outcome of a trial that a federal court sitting in diversity jurisdiction must follow state law in making its decision." *Nelms v. State Farm Mut. Auto. Ins. Co.*, 463 F.2d 1190, 1191 (5th Cir. 1972).

The State Supreme Court has recently indicated that Nebraska law does not permit an action directly against a liability insurance carrier unless the policy involved authorizes such suit.

> While there are a few jurisdictions that permit direct actions against liability insurance carriers in situations such as this, *Nebraska does not have a statute to that effect, or other decision or rule authorizing such direct action.* The legal principle governing this situation is set out in 44 Am.Jur.2d, Insurance, § 1575, p. 460, as follows: "As a general rule, and in the absence of a contractual or statutory provision, or a rule of court, authorizing a direct action against, or the joinder of, a liability insurer, there is no privity between an injured person and the tort-feasor's liability insurer, *and the injured person has no right of action at law against the insurer and therefore cannot join the insured and the liability insurer as parties defendant.*"

*Royal Indem. Co. v. Aetna Cas. & Sur. Co.*, 193 Neb. 752, 765–66, 229 N.W.2d 183, 190 (1975). [Emphasis added].

The defendant has provided the Court with a copy of the automobile policy insuring Mr. Sok. One of the "Special Provisions" of coverage prohibits any suit against the company unless "as a condition precedent thereto . . . the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company." Thus it is clear that the policy did not contemplate a direct action against the company in the case of an unliquidated claim such as the one before this Court.

The plaintiffs assert that if they may not sue Mr. Sok's insurance carrier, the insurer will be unjustly enriched. The Court does not agree. It is not clear that Mr. Sok would have been liable to the plaintiffs for their injuries and that the defendant would have had to pay on his behalf. The plaintiffs may have caused the accident, or the insurer may have a defense relieving it of liability to defend and indemnify its insured. *See Tessier v. State Farm Mut. Ins. Co.*, 458 F.2d 1299, 1300 (5th Cir. 1972). For these reasons, even those jurisdictions which permit injured third parties to sue insurers as third-party beneficiaries of the insurance contract between a tortfeasor and his liability insurer require a final judgment against the tortfeasor before the third party may proceed against the insurer. *See e. g., Fleming v. Pan American Fire & Cas. Co.*, 495 F.2d 535, 539, 540 (5th Cir. 1974).

For the reasons set forth above the defendants' motion for summary judgment will be granted. The plaintiffs' motion to amend their complaint to join Stephen F. Sok and Henry A. Sok, co-executors of the estate of John A. Sok, will be granted. An Order has been entered in accordance with this Memorandum Opinion.