The Pennsylvania Company for Insurance on Lives and Granting Annuities, Administrator de bonis non cum testamento annexo of the Estate of Charles H. Baker, deceased, in place of John R. Baker, Executor of the Estate of Charles H. Baker, deceased, *v.* Rush Beaumont and Theodore Beaumont ; and Mary E. Beaumont Administratrix of Theodore Beaumont, deceased, Appellant.

*Mortgage—Title—Affidavit of defense.*

It is no defense to a mortgage that the mortgagor had no mortgageable interest in or title to the land. The purchaser at sheriff's sale in foreclosure proceedings will take whatever interest, if any, the mortgagor had in the land, and no more.

Argued Feb. 7, 1899. Appeal, No. 5, Jan. T., 1899, by Mary E. Beaumont, administratrix, one of the defendants, from order of C. P. Chester Co., April Term, 1898, No. 60, making absolute a rule for judgment for want of a sufficient affidavit of defense. Before STERRETT, C. J., GREEN, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Scire facias sur mortgage.

Mary A. Beaumont, administratrix of Theodore Beaumont, deceased, filed an affidavit of defense in which she averred that the mortgagors, Rush Beaumont and Theodore Beaumont, had, under the will of Eber Beaumont, which was fully recited in the affidavit of defense, no power to mortgage the premises directly or indirectly " and no power to convey for the purpose of mortgage such real estate."

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Charles H. Pennypacker,* for appellant.—Is not this the time and place to discuss the validity of the mortgage ? The record was notice to the mortgagee that the mortgagor had no vested interest: Barger's App., 100 Pa. 239.

After a scire facias on a mortgage has ripened into a judgment the mortgage is merged in it and, even if null and void, is no longer open to attack: Hartman v. Ogborn, 54 Pa. 120; Dorris v. Erwin, 101 Pa. 239; Michaelis v. Brawley, 109 Pa. 7; Shryock v. Buckman, 121 Pa. 248.

*John G. Johnson,* with him *Edmund G. Hamersly,* for appellee.

PER CURIAM, February 20, 1899:

The court was clearly right in entering judgment for want of a sufficient affidavit of defense. There is nothing in the questions involved that requires special notice. It has never been supposed that the right to foreclose an overdue mortgage in any way depends upon the goodness of the mortgagor's title to the premises embraced in the mortgage.

Judgment affirmed.