Sparrow, to use, *v.* Mowers et al., Appellants.

Argued May 23, 1934. Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Paul A. Kunkel,* for appellants.

*Solomon Hurwitz* and *Frederick J. Templeton,* for appellees, submitted on paper book.

PER CURIAM, June 30, 1934:

Appellants executed and delivered to Rollo C. Sparrow their bond in the amount of $4,500 secured by a second mortgage upon property of the wife located in Cumberland County. The bond and mortgage were subsequently assigned to W. H. Geiger and Lillian M. Geiger, his wife, as tenants by the entireties, who entered judgment upon the bond March 10, 1932, in the Court of Common Pleas of Dauphin County. On September 14, 1932, appellants conveyed the mortgaged property to W. H. Geiger individually. The deed had noted on it that "the within conveyance is subject to mortgages in the aggregate amount of $11,500, which

represents the full value of the real estate herein conveyed." The first mortgage on the property, in the amount of $7,000, was held by the Lemoyne Trust Company, which company foreclosed and caused the property to be sold at sheriff's sale on September 15, 1932, thus divesting the lien of both mortgages. At the sale the Trust Company became the purchaser for the sum of $88.90. On May 29, 1933, defendants obtained a rule on plaintiffs to show cause why the judgment entered against them on the bond above referred to should not be opened and they let into a defense. Following argument, the court discharged the rule, whereupon defendants appealed.

The question for our determination is concisely stated in appellee's brief as follows: "Where a husband and wife own a mortgage as tenants by the entireties and the husband accepts a deed [personally] for the mortgaged property, is there a merger of the mortgage and the fee," We agree with the court below that this question should be answered negatively.

The conveyance to Geiger alone could not and did not result in a merger of the mortgage and the fee because the mortgage was held by the husband and wife as tenants by the entireties. The nature of an estate by entireties rendered it impossible for the husband by his sole act, under the circumstances here presented, to destroy his wife's interest in the mortgage and bond owned by them both. "While the estate continues it is utterly impossible for either party, without the other joining, to sell or assign his or her interest therein, even the expectancy of survivorship. The rights of the parties are fixed by the deed of conveyance to them, and by that instrument each took an entirety made up of indivisible parts. Any alienation by one, the other not consenting, of any interest whatever in the estate, if allowed, would be an abridgment pro tanto of the rights of the other. By their joint act they admittedly have the right to sell and dispose of the whole estate; by their joint act they

may strip the estate of its attributes and create a wholly different estate in themselves; but neither can divest himself or herself of any part without in some way infringing upon the rights of the other." Beihl v. Martin, 236 Pa. 519, 527-8.

A further reason why the conveyance to Geiger did not effect a merger of the fee and his interest in the mortgage and bond is that the record discloses no evidence of intention to secure this result. "The principle of law which provides that where the holder of a mortgage purchases the fee, such purchase operates as a payment of the mortgage debt would seem to apply only where it is the intention of the parties that the purchase should so operate." Sheehan B. & L. Assn. v. Scanlon, 310 Pa. 6, 9.

The order of the court below discharging the rule to open judgment is affirmed.