THE MEAD COMPANY ET AL., APPELLEES, V. ZDENKA A.
DOERFLER, APPELLANT.

26 N. W. 2d 393

Filed March 7, 1947.   No. 32183.

*Morrow, Lovell & Bulger,* for appellant.

*Neighbors & Danielson,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, YEAGER, CHAPPELL, and WENKE, JJ., and NUSS, District Judge.

CARTER, J.

This is an action brought by The Mead Company and 11 other creditors of the estate of Otto H. Doerfler, deceased, against Zdenka A. Doerfler, the widow of the deceased, to recover the sum of $1,293.92 paid to L. W. Cox & Company from the funds of the estate. A verdict for the full amount and interest was returned by the jury and judgment entered thereon. The defendant appeals.

This is the second appearance of this case in this court. In the former appeal it was determined that

the facts alleged in the first cause of action were not vulnerable to a demurrer and that plaintiffs under the circumstances shown were entitled to maintain the action. Mead Co. v. Doerfler, 146 Neb. 21, 18 N. W. 2d 524. The allegations of the first cause of action on the former appeal constitute the cause of action presented in the present appeal.

The record shows that Otto H. Doerfler had numerous business transactions with L. W. Cox & Company in his lifetime. In 1935, L. W. Cox & Company sold a residence property to Zdenka A. Doerfler, which is the property primarily involved in this litigation. The house on this property was removed and replaced with a store building. The materials used in the accomplishment of this purpose were purchased by Doerfler from L. W. Cox & Company and charged to him on the books of the company. Subsequently, additions were built onto the store building. The materials were purchased from L. W. Cox & Company by Doerfler, and charged to him. Upon the completion of the work, notes were executed by Otto H. Doerfler and Zdenka A. Doerfler. After the death of Otto H. Doerfler, L. W. Cox & Company filed its claim in the estate of Otto H. Doerfler, deceased, for the amount remaining due on the notes. The record discloses that L. W. Cox & Company was paid $1,293.92 on its claim from the funds of the estate. It is the contention of the plaintiffs that the obligation owing to L. W. Cox & Company was that of Zdenka A. Doerfler, that Otto H. Doerfler acted as her agent only, and that he signed the notes as an accommodation maker. It is then contended that, as the estate of Otto H. Doerfler was required to pay $1,293.92 because of Doerfler's liability as an accommodation maker, plaintiff creditors are entitled to be subrogated to Doerfler's right of action against Zdenka A. Doerfler, the primary obligor. The question for determination is whether Otto H. Doerfler acted for himself in purchasing the materials in question and in the sign-

ing of the notes therefor, or whether he was acting as the agent for Zdenka A. Doerfler in such transactions and signed the notes as an accommodation maker only.

The evidence shows that Doerfler handled the purchase of the property for Zdenka A. Doerfler. He made repairs and constructed additions to the building with the full knowledge and acquiescence of Zdenka A. Doerfler. He operated the business, collected the rents, and made the payments on the notes. The business was operated as the "Thrifty Way Market." The only bank account was carried in the name of Otto H. Doerfler. Zdenka A. Doerfler testifies that Doerfler fixed the amount of the rentals and made collections of rent, although she ordinarily collected the rents. No rent was paid by Doerfler to Zdenka A. Doerfler for the use of the premises. It is shown that Zdenka A. Doerfler participated in the operation of the business. The situation is fairly well expressed in a reply by Zdenka A. Doerfler to an inquiry as to whether she wanted Doerfler to look after the rentals for her when she said: "I had to have his help; I didn't understand."

We think the foregoing evidence is sufficient to sustain the finding of the jury that Doerfler was acting as agent for Zdenka A. Doerfler in the handling of her property. The applicable rule is stated in Thomas v. George, 105 Neb. 44, 181 N. W. 646, in the following language: "The question of whether the husband acts with authority from the wife and is her agent is a question of fact to be determined from the circumstances of each particular case. Mere knowledge that a building is being constructed by her husband upon her premises, when that fact stands alone, is insufficient to show that her husband acted as her agent. Agency in such a case will not be presumed from the marital relation; but the fact that the wife has such knowledge, in the light of other evidence, may be of strong corroborative value. Owing to the close relationship existing between husband and wife, an agency

by the husband may be created by slight circumstances. It is unnecessary that they enter into any formal contract of agency, nor is it necessary that the wife expressly state to her husband that she gives him authority to act. Such an agency may be inferred from things said and acts done." Inasmuch as the jury determined that Doerfler acted in a representative capacity in procuring the materials for which the indebtedness was contracted, it is clear that he did not receive value in executing the notes and did so for the purpose of lending his name to Zdenka A. Doerfler. This made him an accommodation maker as that term is defined by section 62-129, R. S. 1943. If, as here shown, the accommodation maker is required to pay the debt of the party accommodated, a cause of action to recover the amount paid exists in favor of the accommodation party against the party accommodated. The plaintiffs stand in the shoes of the accommodation party under the equitable theory of subrogation. Nelson v. Webster, 72 Neb. 332, 100 N. W. 411; Criswell v. McKnight, 120 Neb. 317, 232 N. W. 586; Mead Co. v. Doerfler, *supra.* The fact that one of the parties is deceased does not change the rule. § 30-805, R. S. 1943.

Defendant complains of the instructions given by the court. The primary issue of fact was whether Doerfler was acting as his wife's agent or in a personal capacity. The jury was correctly instructed on the question of agency in instructions seven, eight, and nine. We find no prejudicial error in the instructions to the jury.

AFFIRMED.