100 So.2d 831 (1958)
O.W. ANDERSON, trading and doing business as Anderson Lumber Company, Appellant,
v.
Lucile CARTER, Appellee.
No. 114.
District Court of Appeal of Florida. Second District.
February 28, 1958.
*832 William H. Seaver, Dade City, for appellant.
Barnes & Wagner, Eric E. Wagner, Dade City, for appellee.
ALLEN, Judge.
This is an appeal from a final judgment entered on the defendant's motion for a summary judgment in an action at law by the plaintiff against Lucile Carter, the defendant, for the balance due the plaintiff for certain building materials furnished for improvement of property owned by the defendant and her husband as an estate by the entirety. Plaintiff appeals.
The complaint alleged, in effect, that plaintiff entered into an agreement with the defendant and defendant's now-deceased husband, to furnish them lumber and other materials valued at $1,769.11; that such materials were furnished and defendant and her husband had, by various payments shown on an attached copy of an itemized statement, reduced said sum to $1,452.32 as of June 19, 1953. The complaint further alleged as a second count that defendant owed the plaintiff said sum on an account stated.
A motion for summary judgment was filed by the defendant August 15, 1956. Answer was filed September 7, 1956. The answer denied the material allegations of the complaint and alleged that any materials furnished by the plaintiff were furnished to defendant's deceased husband without the knowledge or acquiescence of defendant, and that any payments made by defendant were made for her deceased husband.
From the depositions and affidavits on file, upon which the summary judgment was entered, the following facts appear: The defendant and her husband owned certain property in Dade City, Florida, by the entireties. Plaintiff was in the building material business. In November of 1946, defendant and her husband went to plaintiff's home and requested that plaintiff furnish the materials necessary for construction of a house on the land owned by defendant and her husband. Defendant may or may not have taken part in this conversation. Over a period of five or six years payments have been made on the indebtedness, most of which were by defendant, though with money furnished by her husband until his death in November of 1951. Subsequent to that time such payments were made by defendant from her own funds. There were conflicting statements by the parties as to whether or not the defendant ever admitted the debt to be her personal debt. Also, there were conflicting statements as to whether or not the defendant took part in the conversation relative to the original request for materials, although she was present with her husband at the time.
The appellant first argues that the trial court should not have considered the affidavits of defendant since they were not attached to her motion for summary judgment. The Supreme Court of Florida, in the case of Cook v. Navy Point, Inc., Fla. 1956, 88 So.2d 532, has stated that except under extraordinary circumstances, affidavits in support of a motion for summary judgment should be filed with the motion in time to allow the opponent to controvert them, and that the ten day minimum limit is often none too long considering the swift and dispositive character of the motion. However, we do not consider it necessary to allude further to this question, since we are of the opinion that the affidavits and depositions, herein, show a genuine issue of fact which should not be disposed of under summary procedure.
Questions of law involving the rights of the parties in estates by the entireties have been a fruitful source of litigation *833 since the early days of the common law in England. Estates by the entirety in property conveyed to husband and wife is recognized in Florida as at common law. So long as they both live, property so held is not subject to disposal by either alone, nor is the property subject to the debts of either, for neither is recognized as having any separate right to such estate.
Estates by the entirety may exist in personalty and in the profits from the sale of realty, which are ordinarily held in the same way as real property. See Dodson v. National Title Insurance Co., 1947, 159 Fla. 371, 31 So.2d 402. If the parties agree on a division of the profits of a sale, their agreement will be effectuated and the agreed part of each will be his or her separate property. Dodson v. National Title Insurance Co., supra.
It has been held that the husband may accept payment in discharging a note held by the entirety, the payment taking its place. Merrill v. Adkins, 1938, 131 Fla. 478, 180 So. 41. But without an agreement, neither alone can do anything to alter the tenancy of property held by the entireties. Logan Moore Lumber Co. v. Legato, 1930, 100 Fla. 1451, 131 So. 381.
In Burkhardt v. Harris, Tex.Civ.App. 1947, 200 S.W.2d 445, it was held, where a wife secured a loan which the husband knowingly received and put in his business, that the husband's acts authorized an inference that wife's act in borrowing the money was done with the husband's knowledge, consent and approval; that the wife became the agent of her husband by ratification and estoppel; and that, since the community business received the benefits of such acts, the husband should be legally bound for such debt. See also Mead Co. v. Doerfler, 1947, 148 Neb. 75, 26 N.W.2d 393; Williams v. Barbaretta, 1948, 359 Pa. 488, 59 A.2d 161.
In the case of Madden v. Gosztonyi Savings & Trust Co., 1938, 331 Pa. 476, 200 A. 624, 630, 117 A.L.R. 904, which involved a joint bank account of husband and wife, the court said:
"The authorities thus cited would seem to show that either spouse presumptively has the power to act for both, so long as the marriage subsists, in matters of entireties, without any specific authorization, provided the fruits or proceeds of such action inure to the benefit of both and the estate is not terminated. But neither may by such action destroy the true purpose of the estate by attempting to convert it or a part of it, in bad faith, into one in severalty.
"As stated, where the estate stands in the name of husband and wife there is no implication of agency to conclude the estate. Thus where a husband and wife hold a mortgage, the husband has no authority to take a deed to himself and in that way destroy the wife's interest in the mortgage. Sparrow v. Mowers, supra [Sparrow, to Use of Geiger v. Mowers, 315 Pa. 460, 173 A. 273]. Nor is there a presumption of agency in the wife to convey real estate held by entireties without the husband's joinder. * * *"
The Supreme Court of Massachusetts, in Sztramski v. Spinale, 1954, 332 Mass. 500, 126 N.E.2d 118, 121, decided a case which involved an action by a contractor to recover for work done and materials furnished in construction of a home on property owned by defendants as an estate by the entirety, against which the wife defended by contending that she was not a party to the contract. The court said:
"Although Mrs. Spinale could not be found responsible to the plaintiff merely because he was a person who negotiated for the construction of the house, her relationship to that person and her interest in the property were important factors in determination of her knowledge of and acquiescence in the acts of her husband. The question of the agency of husband and wife is *834 usually a question of fact. Her participation in the transaction could be inferred from the evidence that her husband was acting in her behalf and for her benefit as well as his own and that upon learning of his conduct she adopted and ratified it."
The brief of the appellant refers to Section 84.12 of the Florida Statutes, F.S.A., which makes either husband or wife, depending upon who contracts, the agent of the other spouse, unless within ten days after learning of such contract, the other gives written notice of his or her objections to the contract, as being within the spirit of the previously cited decisions involving contracts affecting the entireties. As stated by the appellant in making such reference, this Section only applies to matters dealt with under the mechanic's lien law. It does indicate legislative thought on the creation of prima facie agency between married persons, requiring denial by affirmative act.
We are of the opinion that there were sufficient facts shown and inferences raised by the record to require a referral of the cause to a trier of facts on the issue of the agency of the husband for the wife and on the issue of whether or not the wife, jointly with her husband, contracted with the plaintiff for the building materials furnished by the plaintiff in this case.
The appellant also complains of the trial court's order assessing certain costs against the appellant, final judgment having been entered some 27 days earlier than the order assessing costs. Primarily, the assessment of costs in a case is within the sound judicial discretion of the circuit judge. However, in view of our reversal of the judgment herein, which was apparently the basis of the trial court's order regarding costs, we are of the opinion that such order should also be reversed, leaving the assessment of costs by the lower court to await final determination of this case.
We are of the opinion that this case should be reversed and remanded for a trial upon all the issues involved in the pleadings below.
Reversed and remanded.
KANNER, C.J., and SHANNON, J., concur.