**In re Gary A. GORSKI and Mary L. Gorski, Debtors.**

**Bankruptcy No. 87–3237.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 25, 1988.

Jeffrey T. Morris, Plowman & Spiegel, Pittsburgh, Pa., for George Gallagher Plumbing.

· Henry E. Rea, Jr., Brandt, Milnes & Rea, Pittsburgh, Pa., for debtors.

**MEMORANDUM OPINION**

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matter before the Court is an objection to exemption filed on behalf of George Gallagher, d/b/a George Gallagher Plumbing (hereinafter Gallagher). Gallagher challenges a $14,000.00 exemption claimed by Debtors Gary A. and Mary L. Gorski in their residence. The basis for the objection is that only Mrs. Gorski holds record title and therefore the maximum exemption which may be claimed is the $7,500.00 attributable to her interest under 11 U.S.C. § 522(d)(1).

Gary Gorski (hereinafter Gorski) contends that because he remains liable on the mortgage and is a spouse sharing the residence he is entitled to claim an additional homestead exemption in an amount not to exceed another $7,500.00. Gorski relies on 11 U.S.C. §§ 522(d)(1) and 522(m). In view of the facts of this case and applicable Pennsylvania law the Court will enter an Order sustaining the objection to the homestead exemption claimed by Gary Gorski and directing that Debtors' Schedule B–4 be amended to reflect a homestead exemption not to exceed $7,500.00.

*Facts*

Gorski is a building contractor who is embroiled in various law suits stemming from the construction of a house in the Fox Chapel area of Allegheny County, Pennsylvania. Gorski began this business approximately one year pre-petition and, according to the statement of financial affairs filed in this bankruptcy case, Mrs. Gorski has no connection with the business.

Gallagher is a creditor holding a judgment lien against Debtors' residence in the amount of $49,805.73 plus interest, costs and counsel fees. The date of the judgment was not pleaded. This judgment is not listed on Debtors' schedules although Gallagher is listed as an unsecured creditor with a claim for $32,000.00. The judgment arises from work Gallagher performed as a subcontractor for Gorski on the Fox Chapel property and on other properties.

On November 30, 1987, Debtors filed a voluntary Chapter 11 petition under Title 11 of the United States Code and, on Schedule B–4 of the petition, elected the exemptions provided by federal law. *See* 11 U.S.C. § 522. On January 11, 1988, Gallagher filed the instant objection to the Debtors' claimed exemption of $14,000.00 in their residence on the ground that Mrs. Gorski is the sole record owner of the property and, accordingly, § 522(d)(1) limits Debtors to a single homestead exemption rather than permitting them the joint exemption of § 522(m).

A hearing was held on February 18, 1988, at which time Gallagher established, without contradiction, that the property originally was acquired by both Debtors as tenants by the entireties and that within one year pre-petition Gorski transferred his interest to his wife for no consideration. The bankruptcy petition does not reveal the transfer. Gary Gorski remains a co-obligor with Mrs. Gorski on the mortgage.

At the conclusion of the hearing the Court requested briefs. At a subsequent hearing on a motion for relief from stay filed on behalf of Gallagher, the Court again requested that the parties submit briefs. Neither counsel did so although, during the February 18, 1988 hearing, Gallagher's attorney provided the Court with photocopies of five cases discussing the § 522(d)(1) homestead exemption. None of these cases are applicable to the

instant case in that they are not based upon Pennsylvania law.

The Court has reviewed applicable Pennsylvania and bankruptcy law and concludes that, because the tenancy by the entireties interest in the property has been severed, Gorski is not entitled to claim a homestead exemption in the property. The fact that Gorski has a continuing liability on the mortgage obligation and the fact that he shares the residence as a spouse and contributes to its maintenance are not determinative.[1]

### Discussion

Section 522(d)(1) of the Bankruptcy Code provides that a Debtor may exempt his aggregate interest up to $7,500.00 in real or personal property that he or a dependent uses as a residence. Subsection (m) of § 522 provides that § 522 applies separately with respect to each Debtor in a joint case subject, however, to subsection (b).

The operative portion of § 522(b) provides that a Debtor may exempt "any interest in property in which the Debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest ... is exempt from process under applicable non-bankruptcy law." 11 U.S.C. § 52(b)(2)(B). The applicable non-bankruptcy law to be applied in the case at bar is that of Pennsylvania. The relevant provisions deny Gorski any entitlement to an exemption in the residence because he is neither a tenant by the entireties nor a joint tenant in the property.

 Gorski argues that because he is liable on the mortgage he is entitled to claim an exemption as a tenant by the entireties. This argument is without merit. A mortgage is a contract obligation and a mortgagor may remain liable on the mortgage notwithstanding transfer of the fee or absence of title. *See Pennsylvania Com-*

---

**1.** The Court observes that the issue of whether the transfer between Debtors was fraudulent was not pleaded and was consequently not a matter in issue to be proved. However, in Pennsylvania Gorski would be denied any exemption if the transfer to Mrs. Gorski was

fraudulent. Also under these circumstances he would be denied the exemption under § 522(d)(1) of the Bankruptcy Code. However, whether the transfer meets all the elements of a fraudulent conveyance is a matter not now decided.

pany for Insurance on Lives and Granting Annuities v. Beaumont, 190 Pa. 101, 42 A. 522 (1899) (right to foreclose overdue mortgage does not depend on "the goodness of the mortgagor's title to the premises embraced in the mortgage"); 25 P.L.E. Mortgages, § 225. *Cf. Sparrow v. Mowers,* 315 Pa. 460, 173 A. 273 (1934) (where husband and wife own a mortgage as tenants by the entireties and only husband accepts a deed, there is no merger of the mortgage and the fee). It is axiomatic that a tenancy by the entireties cannot exist unless the unities of interest, title, time and possession are present at the same time. *See generally,* 18 P.L.E., Husband and Wife § 6 (1959). When Gorski conveyed his title in the residence to his wife, the entireties tenancy was severed. *See Runco v. Ostroski,* 361 Pa. 593, 65 A.2d 399 (1949); *Sparrow v. Mowers, supra.* No evidence was submitted to establish that a joint tenancy existed, *see* 11 U.S.C. § 522(b), and, therefore, the Court finds that Gorski has no interest in the residential premises to which an exemption could attach under § 522 of the Bankruptcy Code.

Notwithstanding the Bankruptcy Code's broad definition of "an interest in property", a determination of what constitutes an interest of a debtor in property as a tenant by the entireties is governed by state law. *See* 11 U.S.C. § 541; 4 COLLIER ON BANKRUPTCY, ¶ 541.07[1], ¶ 541.07[8][a] (15th ed. 1987). Under Pennsylvania law Gorski has no interest in the realty to which an exemption could attach and Gallagher's objection to Gorski's exemption must be sustained.

An appropriate Order will issue.