In re Robert G. COSPER, Jr. and Julie Cosper, t/a Muskateer Lumber Co., Debtors.

Charles A. SYZBIST, Esq., Trustee, Plaintiff,

v.

M. Wayne CRISSMAN, Defendant.

Bankruptcy No. 5–87–00559.
Adv. No. 5–88–0040.

United States Bankruptcy Court, M.D. Pennsylvania.

Oct. 27, 1989.

Charles A. Szybist, Williamsport, Pa., for plaintiff.

Richard W. Mutzabaugh, Bradford, Pa., for defendant.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This proceeding is before the Court on a motion requesting summary judgment filed by the defendant, M. Wayne Crissman (hereinafter "Defendant"). For the reasons provided herein, we grant Defendant's Motion for Summary Judgment.

On or about April 26, 1988, Charles A. Szybist, Trustee to the above captioned bankruptcy (hereinafter "Plaintiff") filed a complaint to set aside a judgment lien as a preferential transfer pursuant to § 547 of the United States Bankruptcy Code. The Defendant filed an answer which substantially admits the factual allegations of the complaint but raises a number of affirmative defenses. At the time of the hearing on this matter, the parties filed a stipulation of facts which can be summarized as follows:

1. On December 30, 1986, the defendant entered a default judgment against Robert G. Cosper, Jr. trading and doing business as Muskateer Lumber Company in the Court of Common Pleas of McKean County docketed to 1413–C–1986 in the approximate amount of $47,000.

2. On or about June 4, 1987, the debtors, Robert G. Cosper, Jr. and Julie Cosper (hereinafter "debtors") owned approximately 9.25 acres of real estate in Foster Township, McKean County, Pennsylvania, property held as tenants by the entireties.

3. On or about June 4, 1987, the debtors executed a deed transferring this property

from both debtors' names to Robert G. Cosper, Jr., individually. No consideration was paid to either Robert G. Cosper, Jr. or Julie Cosper at the time of execution and transfer of the deed.

4. The deed conveying the real estate to Robert G. Cosper, Jr. was recorded in the Recorder of Deeds Office in and for McKean County, Pennsylvania, on Monday, June 8, 1987.

5. Thereafter, Defendant filed a Praecipe for Revival of a Judgment in the amount of $47,000 on June 10, 1987.

6. On September 4, 1987, debtors filed the instant Chapter 7 bankruptcy case.

7. Subsequent to the filing of the bankruptcy and in December of 1987, the Trustee sold the real estate at public auction for $44,000 pursuant to a court order authorizing the sale free and clear of liens with the liens to attach to the proceeds of the sale.

The parties also agreed to further stipulations which are more properly labeled as stipulations of law as opposed to those of fact. The stipulations of law made by the parties are as follows:

1. The defendant, who previously had no lien position against the real estate when it was held by the entireties obtained a first lien position against the real estate as a result of the deed transfer and the judgment revival. The transfer and judgment revival had the effect of benefiting the defendant by giving him a lien judgment position that he did not previously enjoy or hold.

2. The judgment revival had the effect of giving the defendant a lien on account of an antecedent debt, namely, the $47,000 judgment docketed to 1413–C–1986.

3. The debtors, at the time of the transfer of the real estate, and at the time that the judgment was revived in June of 1987, were insolvent.

4. If the trustee prevails in this preferential transfer case, the defendant would receive only his pro rata share along with other general creditors and would, in fact, be subordinate to certain claim priorities of the IRS.

In short, a review of the stipulation of facts and law between the parties reflects that they have substantially agreed that almost all of the requirements necessary to establish a preferential transfer under § 547(b) have been met. Section 547(b) provides as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enable such creditor to receive more than such creditor would if

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The controversy concerns whether or not the recording of the deed and/or the revival of the judgment constitute a "transfer" within 90 days prior to the filing of the bankruptcy. The trustee's position is that the filing of the deed constitutes a "transfer" as contemplated by § 547(b) and, therefore, the transfer of the real estate took place within 90 days prior to the filing of the bankruptcy. Defendant responds that while the transfer became perfected within 90 days of the filing of the bankruptcy, it relates back to the initial execution of the deed which occurred outside of the 90 day period. Surprisingly, neither party presented much argument concerning whether or not the revival of the judgment was a preferential transfer. Regardless, this court must determine whether or

not either the recording of the deed or the revival of the judgment, both of which took place within 90 days prior to bankruptcy, effectuated a preferential transfer under § 547(b).

### DISCUSSION

■ In December of 1986, at the time the defendant obtained his judgment for $47,000 against the male debtor, Robert G. Cosper, Jr., individually, the real estate owned by the debtors in Foster Township, McKean County, Pennsylvania, was held by them as tenants by the entireties. Neither party disputes that at the time the defendant obtained his judgment it neither attached as a lien to the real estate nor could the defendant execute against the real estate in satisfaction of the judgment. See *Ladner on Conveyancing in Pennsylvania with Forms,* Revised 4th Ed., Chapter 16; *McGary v. Lewis,* 384 Pa. 173, 119 A.2d 497 (1956). A tenancy by the entireties cannot exist unless the unities of interest, title, time and possession are present at the same time. See *In re Gorski,* 85 B.R. 371 (Bankr.W.D.Pa.1988) citing 18 P.L.E. Husband and Wife, § 6 (1959). It further follows that the tenancy by the entireties can be severed and destroyed by mutual agreement of a husband and wife. See *In re Gorski, supra,* citing *Runco v. Ostroski,* 361 Pa. 593, 65 A.2d 399 (1949) and *Sparrow v. Mowers,* 315 Pa. 460, 173 A. 273 (1934); *Fascione v. Fascione,* 272 Pa.Super. 530, 416 A.2d 1023 (1979). Therefore, in June of 1987, when the debtors executed the deed conveying the real estate to the husband's name alone, the tenancy by the entireties was severed. The plaintiff does not claim that this transfer was preferential under § 547, but, rather, argues that the transfer of the real estate for preferential transfer purposes was at the time of recordation and in support of his position cites § 547(e)(1), which provides as follows:

(e)(1) For the purposes of this section

(A) a transfer of real property other than fixtures, but including the interest of a seller or purchaser under a contract for the sale of real property, is perfected when a bona fide purchaser of such property from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of the transferee; and

\*    \*    \*    \*    \*    \*

■ What is necessary to perfect a transfer of real estate depends on a review of state law. See *In re J.H. Welsh & Son Contracting Co.,* 68 B.R. 520 (Bankr.D. Ariz.1986) citing *In re Gulino,* 779 F.2d 546 (9th Cir.1985) and *4 Collier on Bankruptcy,* ¶ 547.48 at 147–150 (15th ed. 1985). In Pennsylvania, a transfer of real property is good against a subsequent bona fide purchaser, mortgagee or judgment holder when the deed is recorded. *In re MacQuown,* 717 F.2d 859 (3rd Cir.1983); *Cucchi v. Rollins Protective Services,* 377 Pa.Super. 9, 546 A.2d 1131 (1988); Pa.Stat.Ann. Title 21, § 352 (Purdon 1955). Based upon the foregoing the trustee argues that the transfer was perfected when the deed was filed on June 8, 1987 and that perfection occurred within 90 days prior to the filing of the bankruptcy. The defendant responds, that the analysis under § 547(b) cannot stop at this point and directs the court's attention to § 547(e)(2)(A) which provides as follows:

(2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made

(A) at the time such transfer takes effect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;

\*    \*    \*    \*    \*    \*

■ The defendant asserts that even though the transfer was perfected at the time of recording of the deed, § 547(e)(2)(A) dictates that the perfection will relate back to the time when the deed became effective between the transferor and transferee and that was at the time of execution of the deed which took place outside of the 90 day period prior to bankruptcy. A review of the stipulation between the parties reflects that the deed was recorded within 10 days from its initial execution. Consequently, perfection of the transfer of the real estate relates back to

the date of execution of the deed and, therefore, the transfer is not preferential because it took place outside of the 90 day period prior to bankruptcy. See *In re Gulino, supra; In re Martin*, 87 B.R. 394 (Bankr.E.D.N.C.1988).

While we have determined that both execution and filing of the deed did not effect a preferential transfer, we still must determine whether or not the revival of defendant's judgment within the 90 day period did effectuate a preferential transfer. Transfers which occur within the 90 days prior to the filing of the bankruptcy do not necessarily create a voidable preference under § 547. A transfer (e.g., renewal of judgment lien) which continues an existing interest or is a substitution for an interest already created does not create a preference if the renewal does not diminish the collection of assets or cause a diminution of the debtor's estate. See *In re Wind Power Systems, Inc.*, 841 F.2d 288 (9th Cir.1988); *In re Cloyd*, 23 B.R. 51 (Bankr. E.D.Tenn.1982); *4 Collier on Bankruptcy*, ¶ 547.22 (15th ed. 1981).

We have already noted that at the time of the obtaining of the judgment the defendant's judgment could not attach to nor could he execute against the real estate held by the debtors as tenants by the entireties. In Pennsylvania, however, a judgment creditor of one spouse has a potential lien against property held by the entireties which lien is based upon the debtor spouse's contingent expectancy to survive and become sole owner of the property even though that creditor has no right to claim that property during the lifetime of the other spouse. See *In re Wylie v. Zimmer*, 98 F.Supp. 298 (E.D.Pa.1951). The judgment not only attaches to the real property owned by the debtor, but extends to his equitable and beneficial interest. See *In re Upset Sale, Tax Claim Bureau of Berks*, 505 Pa. 327, 479 A.2d 940 (1984); 42 Pa.C.S.A. § 1722(b), § 2737(3) and § 4303(a), (b). Even though the real estate was owned by the entireties, the defendant did have a potential lien against the male debtor's equitable interest and his contingent expectancy of ownership upon the death of his wife. As we have previously remarked, there are a number of ways in which the tenancy by the entireties can be severed, one of which is the voluntary transfer or severance of the entireties by the husband and wife. At the time of the execution of the deed, the debtors voluntarily severed the tenancy by the entireties and at that point the potential creditor's lien actually attached to the real estate now owned by the male debtor. Consequently, the revival of the judgment which took place within two years from the initial filing of the judgment automatically attached and its renewal continued the defendant's existing interest and did not diminish collection of assets nor diminish the possible distribution to creditors in this bankruptcy.

Based upon the stipulation of facts presented by the parties and the preferential transfer section of § 547, we find that the plaintiff in this matter has not met his burden of proving all elements essential to show a preferential transfer under § 547 of the Bankruptcy Code and, therefore, the Plaintiff's Complaint is dismissed and the defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.